THOMAS PARHAM *v.* THE STATE.

1. CRIMINAL LAW. *Indictment. Verdict.* On the trial of the defendant under an indictment containing two counts, both good, one for larceny and the other for receiving stolen goods, there was evidence to sustain the first count but no evidence to sustain the second count, and the charge of the judge was correct on the former but erroneous on the latter count. *Held,* that a general verdict was properly applied to the first count, and a judgment thereon valid.

2. SAME. *Evidence. Witness who aided the defendant without knowledge of crime.* The rule in relation to the unsupported testimony of an accomplice does not apply to the evidence of a witness, who, although present at the commission of the offense, and aiding in it under the employment of the defendant, had no suspicion of the true nature of the transaction.

3. SAME. *Appointment of Attorney-General ex officio prosecutor.* The presumption is in favor of the regularity of the proceedings of a court of general jurisdiction; and, therefore, where the minutes of the court

Parham *v.* The State.

show the return of the grand jury into court with an indictment and an order of court directing the attorney-general to prosecute *ex officio*, and a subsequent return of the grand jury with the indictment properly endorsed, it will be presumed that the jury considered of the indictment after the order.

4. SAME.  *New trial.  Affidavits*  Affidavits are not sufficient to obtain a new trial, which state no material fact which might not have been had at the former trial, or state facts only going to the credit of witnesses examined, or throwing doubt upon the correctness of their recollection as to an incidental circumstance.

FROM MAURY.

Appeal in error from the Circuit Court of Maury county.   W. S. McLEMORE, J.

T. M. JONES, J. L. BULLOCK, JOHN V. WRIGHT, and J. L. JONES for Parham.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The indictment, under which the prisoner was convicted, contained two counts, one charging him with the stealing of seven hogs of the value of twenty-eight dollars, and the other with feloniously receiving the hogs, with intent to deprive the true owner thereof, and knowing them to have been stolen. The jury found the defendant guilty as charged in the indictment, and assessed his punishment to three years in the penitentiary. He appealed in error from the judgment rendered on the verdict.

The trial judge in his charge, after stating the na-

ture of the two counts, defined larceny and its grades,. and properly told the jury what was necessary to constitute the offenses of grand and petit larceny. He then instructed them that before they could convict the defendant of larceny, they must be satisfied beyond a reasonable doubt that the body of the offense was committed, defining the *corpus delicti,* that the offense was committed in the county, and that the defendant committed the offense, or was present aiding and abetting therein. Then follows this clause: "And before you can convict under the *several counts* [a clerical error for second count], the State must establish beyond a reasonable doubt the *corpus delicti,* and venue as above, and that some other person committed the larceny, and the prisoner received said hogs, or enough of them to be of some value, knowing them to be stolen." The charge contains nothing else bearing upon the second count in the indictment.

The Code, sec. 4683, makes it a felony to receive or buy, conceal or aid in concealing stolen goods, over the value of ten dollars, knowing the same to have been stolen, "with intent to deprive the true owner thereof." These last words have been held to be essential to the validity of an indictment under the statute: *Hurell* v. *State,* 5 Hum., 68. And a charge to the jury on a trial for the offense, in the very words of the charge before us, was held by this court to be erroneous: *Rice* v. *State,* 3 Heis., 215, 226. "The mere receipt," said the judge who delivered the opinion of the court, "of stolen goods, knowing them to be stolen, is not of itself a crime. For such receiving

may be for the most honorable purposes. The essence of the offense is that the receiving of the stolen goods, knowing them to have been stolen, is accompanied by the fraudulant intent to deprive the true owner thereof. The prisoner had a right to a full definition of the offense."

The charge in the case before us was therefore defective in relation to the offense of receiving stolen goods, which was the subject of the second count of the indictment. As a matter of fact, however, no proof was introduced by the State to sustain that count. All of the evidence bore upon the question of larceny. If the testimony embodied in the bill of exceptions does not show the defendant guilty of that offense, he is clearly not guilty of any offense. The question is, therefore, squarely raised whether the defendant is entitled to a reversal of the judgment against him, under a general verdict of guilty, for the crime charged in the first count of the indictment, because the trial judge erred in his statement of the law touching the crime charged in the second count, there being no proof whatever to convict the defendant of the latter crime?

If the indictment contain more counts than one, all of which are good, and there is no evidence bearing on the offense in each count, the charge, in the case of a general verdict, must be unexceptionable on each of the several offenses: *Wyatt* v. *State*, 2 Swan, 396. If one count be good, and the other bad, a general verdict upon a correct charge will be applied to the good count: *Isham* v. *State*, 1 Sneed, 114. If

both counts be good, and there is no evidence to sustain the charge in one of them, and the verdict general, the verdict, upon a correct charge, will be applied to the proper count: *Taylor* v. *State*, 3 Heis., 460. But how would it be in a case like the last mentioned, where the charge is not correct on the count as to which there is no evidence? That is the case before us.

It has been held in civil cases that an erroneous. charge will not vitiate the judgment where there is nothing in the record for it to operate on: *Applewhite* v. *Allen*, 8 Hum., 698; *York* v. *Newland*, 10 Hum., 331; *Clark* v. *Rhodes*, 2 Heis., 206, and note. The same doctrine has been repeatedly recognized in criminal cases, when the charge was upon an abstract question not presented by the evidence, or in a matter shown by the result not to have been material: *Wilson* v. *State*, 3 Heis., 278; *Wickham* v. *State*, 7 Cold., 525. So, of a neglect to charge at all upon all the grades of offense included in the indictment, the finding being of a specific offense: *Williams* v. *State*, 3 Heis., 379; *Honeycut* v. *State*, 8 Baxt., 372; *Good* v. *State*, 1 Lea, 193. In *Ray* v. *State*, cited in 3 Heis., 379 note, the indictment contained two counts, one for rape and the other for an assault with intent to commit rape, and the verdict was that the defendant was guilty of rape, which was sustained by the proof, the court held that the failure of the judge to charge the law relating to the offense in the second count was not reversible error. The decision in *Good* v. *State* was made with reference to the act of 1877, ch. 85, which makes it

the duty of the trial judge to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant so to do.

No one of these cases is exactly in point with the case before us. But the principles settled by them must control its determination. The verdict is general, but if the second count had been bad, the verdict would have been applied to the first count. So, if there had been no evidence to sustain the second count, the count and the charge being unexceptionable. The reason is that the court can see that the defendant could not possibly be prejudiced by what was done. For the same reason, an error in the charge on the second count, in the absence of any evidence on that count, cannot affect a correct verdict on the first count.

It is insisted that the principal witness for the State shows by his testimony that he was an accomplice in the commission of the offense, and that the defendant ought not to be convicted on his testimony. But the assumption on which this argument is made is not warranted by the proof. The witness says that he was employed by the defendant to aid him in driving the hogs, upon the assurance that he had bought them, and the details given by him fairly imply that he did not at the time have any suspicion of the true nature of the transaction. He and the other State's witnesses did not go before the grand jury willingly, but were taken by an attachment, and compelled to testify. The evidence is sufficient to sustain the verdict.

It is next insisted that the judgment should have been arrested because the record shows that no prosecutor was marked on the indictment when found a true bill. The transcript contains two entries of the minutes of the court. The first entry recites that the grand jury returned into court with an indictment against defendant, and, it appearing to the court that a crime had been committed and no prosecutor appeared, it is ordered that the attorney-general prosecute *ex officio*, whereupon the grand jury retired to consider of further indictments. Then follows another entry, headed with the name of the case, to the effect that the grand jury returned into court, and brought with them an indictment for larceny against Thomas Parham, endorsed a true bill, which by order of the court is spread upon the minutes. Then follows the indictment with the proper endorsements, after which are these words: " And thereupon said grand jury retired to consider of further indictments."

The presumption from these entries, if the fact be material, is that after the name of the attorney-general had been endorsed on the indictment under the order of court, the jury retired with it, and again returned into court with the indictment properly endorsed as it appears on the minutes. And if it were otherwise, we have held at this term, in the case of *Rodes* v. *State,* that the failure of the grand jury to reconsider the indictment after an order of the court directing the attorney-general to prosecute officially, cannot be taken advantage of except upon objection properly made before a trial on the merits.

Parham v. The State.

On his motion for a new trial, the defendant filed his own affidavit and the affidavits of several persons in support thereof. His own affidavit can have no weight except so far as it may be sustained by the other affidavits. Two of the affiants were the father and mother of defendant, who mention no fact which they could not have testified to on the trial, and they were not summoned as witnesses. What they state would have had little or no weight in any event. Another affiant says he overheard what passed between defendant and the Holts when they came after the hogs, but what he says differs so slightly from the testimony given on the trial, that it would not have influenced the result. Another affiant had an interview with Holt, who owned the hogs, on Monday before the trial, and undertakes to detail a conversation in which he understood Holt to say that he did not think defendant had stole his hogs, nor had he tried to hire him to go away, but had told him not to leave. The evidence would only have gone to the credit of Holt. The same may be said of the evidence of the two McKissacks, that it might have affected the credit of the principal witness for the State. This witness had testified on the trial that the horse furnished him by the defendant when they went to get the hogs, belonged to Orville McKissack, and had been rode or driven to Parham's by one of McKissack's daughters, or some of his family, who remained there that night. Mrs. McKissack made an affidavit that neither of her daughters had stayed all night at Parham's that summer, and that neither of their horses had been ridden there "to

the best of her information and belief." McKissack said he had heard the affidavit of his wife read, and adopted it. The point of the testimony of the State's witness at which these affidavits are aimed is merely an incidental statement, about which the witness might be mistaken without affecting in the least his general credibility, which was fully sustained on the trial. The statements of the affidavits, moreover, are merely persuasive, not conclusive, and are insufficient to sustain the application for a new trial.

The judgment must therefore be affirmed.

Upon petition to rehear, COOPER, J., said:

The main ground assumed on behalf of the prisoner in support of his application for a rehearing is that there was evidence on which the verdict could have been found under the second count of the indictment, which charged him with receiving stolen goods. But the testimony of the principal witness for the State showed an actual felonious taking and carrying away of the property from the custody of the owner by the prisoner, and the other witnesses only established the fact that the property was found in the possession of the defendant. To make out the offense of receiving stolen goods, there must be proof of a felonious taking. The evidence of the State tended to show no felonious taking except by the defendant himself, and there was literally no testimony on its behalf for any other pur-

pose, or in the least looking to any other offense. And the learned counsel of the prisoner can scarcely expect the court to consider the testimony introduced on his behalf to prove that he was guilty of no offense, as evidence tending to show that he was guilty under the second count. The punishment of both offenses is precisely the same, and certainly no proof was offered by them to establish either.

No new authority is cited, or new argument submitted upon the question decided in the former opinion, that the general verdict would be applied to the count, which the evidence tended alone to sustain. Nor has our attention been directed to any fact in the record tending to show that the principal witness was an accomplice in the commission of the offense. The affidavit of Brown was fully considered before the opinion was delivered.

The rehearing asked for must be disallowed.