JOSEPH E. KESSLER

*v.*

STATE OF TENNESSEE.

414 S.W.2d 115.

(*Nashville*, December Term, 1966.)

Opinion filed April 7, 1967.

JAMES H. BATEMAN, Nashville for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and EDGAR P. CALHOUN, Assistant Attorney General, Nashville, for the State.

HARRY G. NICHOL, District Attorney General, and HOWARD BUTLER, Assistant District Attorney General, Nashville, prosecuted the case for the State in the trial court.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

Kessler was indicted and convicted of receiving and concealing stolen property and sentenced to serve not less than one (1) nor more than five (5) years in the penitentiary. It is from this conviction that the present appeal stems.

The original indictment was for larceny of certain described narcotic drugs and for receiving and conceal-

ing said drugs. After a trial on his plea of not guilty, the jury found Kessler guilty of petit larceny and of receiving and concealing stolen property of a value of less than $100.00. The trial judge ordered the verdict as to the larceny count stricken and pronounced judgment on the conviction of receiving and concealing stolen property. This crime is a violation of T.C.A. sec. 39-4217, which makes it an offense to conceal or aid in the concealing of property knowing that it has been stolen with the intent to deprive the true owner thereof. The gravamen, or essential element, of the violation of this statute is the knowing, or having guilty knowledge, by the receiver that the goods were stolen.

The record in this case is in the form of a narrative bill of exceptions and insofar as the factual situation is concerned there is no argument about the facts. These are briefly that in August, 1963, a narcotic agent contacted other agents and through an informer certain narcotic drugs were arranged to be purchased from the defendant. In the first instance this informer arranged with the defendant to purchase certain drugs, but the enforcing officers of the Federal Narcotic Law desired to catch the man who was selling such drugs and this informer in contact with the defendant informed him that he desired to buy a larger amount than was then purchased by the informer.

Another Federal narcotic agent from Atlanta was brought in and he in turn contacted the defendant and arranged to purchase $2,000.00 worth of these drugs. After these arrangements had been made, which were that this agent from Atlanta would bring $2,000.00 in a bag, he with defendant then went and placed this money in a locker in a bus station in Nashville and at that time

the defendant informed this agent that they would have to go and get the drugs. They then drove to Bowling Green, Kentucky, and, after this agent waited an hour or so for him, the defendant came back and picked the agent up and he had these drugs in a paper sack. This agent told the defendant that they shouldn't have this paper sack of drugs lying on the seat of the car because they might be stopped or something, and then it was that the defendant concealed the sack of drugs under the hood of the car. They drove back to Nashville and while the defendant parked his car a short distance away from the bus station the agent from Atlanta went to get the money out of the locker. The defendant was to meet the agent in his car which was parked in front of the bus station. When the defendant came back to the car he was arrested by a local agent. Thus it was from this state of facts that this arrest and indictment were forthcoming.

The defendant assigns four errors: (1) that there is no proof that the receiving and concealing occurred in Davidson County, Tennessee; (2) that there is no evidence to show that the defendant had any knowledge that these drugs that he secured in Bowling Green, Kentucky, had been stolen; (3) that the search of automobile which had been parked a short distance from the bus station was unlawful and in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States; and (4) that certain arguments made by the District Attorney General to the effect that the defendant had only recently been convicted in the Federal Court for the sale of narcotics to the informer in this case were prejudicial.

The proof in the record is entirely by these various agents and by the owner of a local drug concern in

Nashville, who testified that his concern was broken into and certain narcotics stolen from the safe therein. This druggist says the thieves entered his store through a hole cut in the roof, but that this hole was only large enough to allow a medium size man to get through and, since the defendant was so large and corpulent, it would be impossible for him to get through this hole. This druggist likewise identifies a portion of the drugs which the defendant got in Bowling Green, Kentucky, as being the drugs stolen from his safe.

There is not a scintilla of proof in this record that this defendant stole such drugs or knew that they had been stolen. Likewise there is no proof whatsoever that this defendant received or concealed such stolen goods in Davidson County. The Assistant Attorney General argues that by placing these narcotics in this sack under the hood of the car and driving into Nashville that this amounted to a concealing thereof, and, since the narcotics were identified by the druggist, the theft is thus shown to have occurred in Davidson County, and that the jury had a right to conclude that the drugs were received and concealed in Davidson County in violation of this statute; and, since the attempted sale of the drugs by the defendant was in Davidson County, the jury might thus conclude that the drugs were received and concealed in Davidson County.

■■ As we said heretofore, it is essential under this statute that one charged with the violation of the statute of receiving and concealing stolen goods must know that such goods were stolen. We in this State have adopted the objective test rule as to the defendant's knowing or having knowledge of the theft. *Wright v. State,* 13 Tenn. 154.

"That is, the existence of guilty knowledge is to be regarded as established when the circumstances surrounding the receipt of the property were such as would charge a reasonable man with notice or knowledge or would put a reasonable man upon inquiry which if pursued would disclose that conclusion." Wharton's Criminal Law & Procedure, Anderson, Vol. 2, page 281, sec. 568.

■ It is the very able argument of the State that under this rule and the facts herein the jury could find that the defendant knew regardless of how he got these drugs that they had been stolen because he did not legally and legitimately purchase them from one authorized to sell said drugs. It is argued by the defendant that these might have been gotten by any other means whereby one acquires such things legally or illegally and there must be some evidence otherwise to show that the man who got these drugs knew that they had been stolen. Frankly, we think that even applying this rule that there is nothing herein to warrant a jury in concluding that this man had knowledge that these drugs had been stolen. As far as this record is concerned this man was merely a salesman of these illegal drugs to those who wished to purchase them.

■ The record conclusively shows that the theft could not have been committed by the defendant, and there is nothing to show that he had any knowledge of who committed this theft or that the drugs he was selling had been stolen. His whole actions throughout were merely the illicit sale of a thing he had no right to sell, a violation of the law prohibiting the sale of these narcotics. It was just as reasonable, and more so under this record, for the jury to conclude that this man had contacts with

people who did illegally obtain these drugs and then he sold them. Of course, he might have known that the drugs were stolen, or he might have thought they were dispensed to the people he got them from through some illegal means. The fact is he probably didn't care where they came from, as he was making his large profits by the sale of these drugs to people who wanted and were able to pay for them.

■ He was also indicted and convicted of petit larceny for stealing these drugs, but the trial judge knew that there was not a scintilla of proof that this man had anything to do with this larceny and consequently he struck this part of the indictment. The record shows only that this man was a salesman of these drugs. It doesn't show that he received or concealed them or knew, or had very good reason to believe, that these drugs had been stolen as is required by the statute for a conviction. He could have just as reasonably thought any one of a number of things. Thus it is, as we see it the gravamen or essential element in violation of this statute has not been proved and it is for this reason, regardless of the other assignments herein, that this case must be dismissed.

■ The receiving of stolen property under our statute is a substantive felony and the venue to try such offenses is in the county in which the offense is committed. We have nothing herein to show that this man received and concealed these illicit drugs in Davidson County. As far as this record shows part of these goods were gotten in Kentucky and were shown to have been stolen in Davidson County, but it is just as probable that the person he got them from to sell was out of the State. It isn't shown that they were concealed or kept at all in Davidson County because when he got this agent with him he went

out of the State and had to contact someone else to get the drugs, and part of the drugs he got in Kentucky for this large sale of some $2,000.00 were not the drugs that had come from this Davidson County drug store. Thus it is, that we feel that there is not sufficient evidence herein whereby a jury could find that this man concealed these stolen goods in the county in which he was indicted.

Our statute, T.C.A. sec. 40-105, states where property is stolen in one county and brought to another that jurisdiction is in either county. Of course, if these goods had been stolen in another county and brought back into Davidson County under this statute this would authorize the trial of the man here for larceny, but before this statute applies it must be shown that the man received in Davidson County. The statute under which he is indicted is for the substantive felony of receiving and concealing and not of the theft. The only proof here is that a portion of the drugs identified by the druggist were stolen in Davidson County, and thus if the man had taken them to Knox County or some other county he could have been tried for the felony of stealing in the county where he was found with the goods but not of receiving and concealing under the statute under which he is indicted. *Roach v. State,* 45 Tenn. 39.

Thus it is for the reasons stated above, we feel that the judgment must be reversed, and for this reason it is not necessary for us to go into the question of the search, which was made in Davidson County after these men came back and parked the car, etc., as heretofore set forth; nor is it necessary for us to comment on the question of the argument of the District Attorney General. Under this record all this man was guilty of was

attempting to sell these illegal narcotics. There is nothing herein to show that he stole them, or that he received and concealed them, or that he received and concealed them, knowing them to have been stolen. The judgment below is reversed and the cause dismissed.