Robert Enoch Deerfield, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

420 S.W.2d 649.

(*Nashville,* December Term, 1966.)

Opinion filed October 13, 1967.

NORMAN D. LANE, Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and ROBERT F. HEDGEPATH, Assistant Attorney General, Nashville, for defendant in error.

THOMAS H. SHRIVER, District Attorney General, Nashville, prosecuted case for State in trial court.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Criminal Court of Davidson County, Tennessee. The parties will be referred to herein as they appeared in the trial court; that is, plaintiff in error, Robert Enoch Deerfield, as defendant, and defendant in error as the State.

The defendant was indicted on October 14, 1966. The indictment charged the defendant with (1) grand lar-

ceny, and (2) receiving and concealing stolen property. He was tried on November 28, 1966. The jury found the defendant not guilty of larceny, but guilty of receiving and concealing stolen property over the value of $100.00. The jury fixed the defendant's punishment at not more than three years in the State Penitentiary. Judgment was entered in accord with the jury's verdict, sentencing the defendant to not more than nor less than three years in the State Penitentiary. A motion for new trial was timely made, and was overruled. Appeal has been timely perfected to this Court.

The assignments of error in this Court may be summarized as follows:

1. The Trial Court erred in allowing the State to introduce testimony concerning statements made by the defendant.

2. The Trial Court erred in allowing the State to introduce testimony concerning the calculator because it was seized following an unreasonable search of the defendant's apartment.

The defendant's first assignment of error insists that the trial court erred in admitting into evidence a confession given by the defendant to a police officer in North Carolina. The police officer testified that prior to the time the statement was given, he advised the defendant of his constitutional right to remain silent, that anything he said could be used against him, that he had a right to an attorney present, and that if he could not afford an attorney, one would be provided for him by the State. The defendant then voluntarily made the statement admitted into evidence against him. There is no evidence contradicting this police officer's testimony.

Another police officer testified that the defendant was advised of these same rights at a different time. However, his statement is not otherwise inconsistent with that of the first police officer. Thus, we think the State established the admissibility of these statements of the defendant.

■ The defendant's second assignment of error insists that the trial court erred in allowing to be introduced into evidence testimony concerning a calculator the defendant allegedly stole and/or received and concealed. This, for the reason that the calculator was seized as a part of an unreasonable search of the defendant's apartment. Again, the police officers testified that they requested permission from the defendant to search his apartment. They testified that he gave them permission and handed them the keys with which they gained entry into the apartment. This is the only evidence in the record on this subject. A search with the permission of the owner is not an unreasonable search. See *Simmons v. State* (1962) 210 Tenn. 443, 360 S.W.2d 10, and *Fox v. State* (1964) 214 Tenn. 694, 383 S.W.2d 25. Thus, this Court concludes that there is no merit in this assignment of error.

■ The State has called to the attention of this Court the fact that this record contains no evidence establishing the fact that the defendant was guilty of receiving and concealing stolen property. For the defendant to be guilty of the crime of receiving stolen property, it is necessary that he be shown to have received from a third party stolen property, knowing it to be stolen, and with the intention of depriving the true owner thereof. See T.C.A. sec. 39-4217 and the cases cited thereunder, particularly *Franklin v. State* (1957) 202 Tenn. 666, 308

S.W.2d 417. Nowhere in this record is it shown that the defendant received this property from some third person. Rather, all the evidence in the record is to the contrary, including the defendant's confession. All of this evidence shows that the defendant, himself, stole this property directly from the owner thereof, without any third party being involved. It is clear, then, that any judgment of conviction of receiving stolen property must be reversed.

■■ However, what has been said above does not finally dispose of the instant case. In *Jones v. State* (1966) 219 Tenn. 228, 409 S.W.2d 169, this Court, speaking through Mr. Justice Chatting, clearly enunciated the rule that the crime of concealing stolen property is an offense distinct from and independent of that of receiving stolen goods. In this plight, the case is properly one to be remanded for trial upon the charge of concealing stolen property.

The judgment of the trial court is reversed; and the cause is hereby remanded for trial upon the charge of concealing stolen property.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.