## BENNIE MOORE, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error. GENE GRISSOM, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. July 15, 1968.

Certiorari Denied by Supreme Court Oct. 7, 1968.

Hughie Ragan, Jackson, for plaintiff in error.

George F. McCanless, Atty. Gen. of Tennessee, Nashville, Albert D. Noe, IV, Asst. Atty. Gen., Nashville, for defendant in error.

## OPINION

OLIVER, Judge.

Concurring in the suggestion of counsel for the parties, and inasmuch as these two cases are circumstantially closely related and were argued together in this Court, we consider it appropriate and proper to review both in this opinion.

Plaintiff in error Bennie Moore was convicted in the Circuit Court of Madison County of receiving and concealing stolen property and was sentenced to not less than one nor more than two years in the State Penitentiary. Plaintiff in error Gene Grissom was convicted in the same court upon a like charge and was sentenced to one year in the penitentiary. Their respective motions for a new trial being overruled, each prayed and was granted and has perfected an appeal in the nature of a writ of error to this Court.

The indictment against Moore charged that the defendant "did unlawfully and feloniously receive and conceal" a variety of grocery items, including cigarettes, the property of a named grocery company, "in violation of Section 39-4217, Tennessee Code Annotated, and against the peace and dignity of the State of Tennessee."

Grissom's indictment was identical, except that it included a greater variety of grocery items and a blanket.

■ The defendants concede that the sum and substance of their respective Assignments of Error is that the evidence preponderates against the verdict of the jury and in favor of their innocence. In reviewing the evidence under these Assignments of Error, we are bound by the rule, stated and restated over and over by our Supreme Court, that a jury's verdict of guilt, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in the evidence in favor of and establishes the State's theory of the case. Under such a verdict, the presumption of innocence, which the law accords an accused prior to conviction, disappears and is replaced by a presumption of guilt which puts upon him the burden of showing upon appeal that the evidence preponderates against the verdict and in favor of his innocence. We may review the evidence only to determine whether it preponderates against the verdict and, in doing so, we must take the verdict as having established the credibility of the State's witnesses. The verdict will be disturbed on the facts only if the evidence clearly preponderates against it and in favor of the innocence of the accused. Pryor v. State, 217 Tenn. 695, 400 S.W.2d 700; Monts v. State, 218 Tenn. 31, 400 S.W.2d 722; Patterson v. State, 218 Tenn. 80, 400 S.W.2d 743; Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523; McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Kirby v. State, 214 Tenn. 296, 379 S.W.2d 780; Gann v. State, 214 Tenn. 711, 383 S.W.2d 32.

The rule that the credibility of the witnesses and conflicts in the testimony are all settled by the verdict of the

jury, "makes unnecessary and, indeed, inappropriate, a detailed discussion of that evidence, pro and con, * * * in stating what we conclude the material facts to be as established by that testimony." Hargrove v. State, 199 Tenn. 25, 28, 281 S.W.2d 692, 694; Morrison v. State, 217 Tenn. 374, 397 S.W.2d 826, 400 S.W.2d 237.

■ The State's evidence shows that former employees of the grocery company, at various times while so employed, stole and carried away from that store a large and varied assortment of merchandise; that on repeated occasions the defendants, fully aware that those employees were conducting large scale thefts from the grocery store, bought considerable quantities of the items charged in their respective indictments from the thieves, at a small fraction of actual value. The defendant Moore did not testify nor present any evidence at the trial. The defendant Grissom testified in his case, denying that he ever purchased or received anything from those former grocery company employees. Each has failed to carry the burden of demonstrating here that the evidence preponderates against the verdict and in favor of his innocence.

■ ■ Likewise untenable are the defendants' insistences, urged upon this Court as a part of their contentions regarding the insufficiency of the evidence, that the thieves from whom they bought the stolen merchandise were accomplices and that there was no evidence to corroborate their testimony. As to this, it is sufficient to say that these thieves who stole from their employer and sold some of the goods to the defendants were not the defendants' accomplices. Harris v. State, 75 Tenn. 124. To make one an accomplice, there must be proof that he

knowingly, voluntarily, and with common intent united with the principal offender in the commission of the crime. Hicks v. State, 126 Tenn. 359, 149 S.W. 1055, expressly approving Harris v. State, supra; Parham v. State, 78 Tenn. 498; Clapp v. State, 94 Tenn. 186, 30 S.W. 214.

At the Bar of this Court, defense counsel argued that the defendants' convictions are void for the reason that, under TCA § 39-4217, there is no such offense as "receiving and concealing stolen property" as charged in the indictments, that the indictments were void for that reason, and that no valid conviction could be based thereon. In taking this position, the defendants rely upon Deerfield v. State, 220 Tenn. 546, 420 S.W.2d 649, wherein our Supreme Court reaffirmed Jones v. State, 219 Tenn. 228, 409 S.W.2d 169, holding "that the crime of concealing stolen property is an offense distinct from and independent of that of receiving stolen goods." Simply stated, the defendants' insistence is that inasmuch as concealing stolen property and receiving stolen property are separate and distinct and independent crimes, they cannot be fashioned into a single crime by conjoining them or fusing them together in an indictment, and that when that is done no offense is charged and the indictment is void.

We do not so interpret Jones v. State and Deerfield v. State, supra. Those cases simply recognize the distinct and separate offenses embraced within TCA § 39-4217; that is, that this statute declares it to be an offense (1) fraudulently to buy or receive property feloniously taken or stolen from another or obtained by robbery or burglary, knowing the same to have been so obtained and

with the intent to deprive the true owner thereof, and (2) fraudulently to conceal or aid in concealing any such property with the same knowledge and intent. Of course, TCA § 39-4218 is the companion statute applicable where the value of the property involved does not exceed $100.

In Jones v. State, supra, the Court quoted from Corpus Juris Secundum as follows:

> " 'The crime of concealing, or aiding in concealing, stolen property is an offense distinct from that of receiving stolen goods; and concealment is not an essential element of the offense of receiving or buying stolen goods. The concealing does not require an actual hiding or secreting of the property, but any acts which render its discovery difficult and prevent identification, or which assist the thief in converting the property to his own use, are sufficient.' 76 C.J.S. Receiving Stolen Goods § 7, page 10."

And in Deerfield v. State, supra, the Court said this:

> "In Jones v. State (1966) [219 Tenn. 228], 409 S.W.2d 169, this Court, speaking through Mr. Justice Chattin, clearly enunciated the rule that the crime of concealing stolen property is an offense distinct from and independent of that of receiving stolen goods. In this plight, the case is properly one to be remanded for trial upon the charge of concealing stolen property."

■ Thus, the Court also recognized in *Deerfield* that "In this plight" an indictment cast in the same mold as those in the instant cases, that the defendant did unlawfully and feloniously "receive and conceal" stolen

property, was not void as charging no offense, and was properly a case to be remanded for trial upon the charge of concealing stolen property. The Court's holding is thus in accord with the general law upon the subject as stated in 76 C.J.S. Receiving Stolen Goods § 15, pp. 21-22:

> "The indictment or information must allege that accused bought, received, concealed, or aided in concealing, or withheld the goods, according as the local statute may provide. Where the statute in defining the crime of receiving stolen property sets out the different acts by which one may be guilty of that crime, the indictment may charge accused with committing any or all of the acts as one offense. If the indictment charges buying of stolen goods, concealment is not an essential element of the offense and need not be alleged, but, if alleged, the allegation will be considered as surplusage and will not vitiate the indictment. *An indictment under a statute making it an offense to 'buy, receive, conceal, or aid in the concealment of' stolen goods which employs the terms 'receive and conceal' is not bad since the averment as to concealment may be treated as surplusage.*" (Emphasis supplied)

 While unquestionably the better practice is to allege a single crime in the indictment in such cases, and allege either receiving or buying, or concealing or aiding in concealing, as the facts in each case may dictate, in the interest of facilitating orderly and effective development and trial of such cases, it is not prejudicial error to charge both receiving and concealing conjunctively as was done in these cases.

The Assignments of Error in both cases are overruled, as is the contention that the indictment and the consequent conviction of the defendants were void. The judgment of the trial court is affirmed in each case.

WALKER, P. J., and GILLIAM, J., concur.