HAROLD J. TACKETT, Plaintiff-in-Error,

*v.*

STATE OF TENNESSEE, Defendant-in-Error.

443 S.W.2d 450

(*Nashville,* December Term, 1968.)

Opinion filed June 27, 1969.

Leon Ruben, Nashville, for plaintiff-in-error.

George F. McCanless, Attorney General, and Robert H. Roberts, Assistant Attorney General, and Robert S. Brandt, Assistant District Attorney General, Nashville, for defendant-in-error.

Mr. Justice Humphreys delivered the opinion of the Court.

In a three-count indictment Tackett was charged with second degree burglary, grand larceny, and receiving and concealing stolen property of the value of more than $100.00. A jury returned a not guilty verdict as to the first two counts but found him guilty on the third count, and his punishment was fixed at not less than three nor more than ten years in the state penitentiary. The Court of Criminal Appeals reversed. Two judges were of opinion there was no evidence Tackett received or concealed the property knowing it had been stolen. *Parham v. State,* 78 Tenn. 498, 500. That there was proof which would warrant finding that Tackett had stolen the articles, by reason of the inference to that effect arising from his possession of the property which had been quite recently stolen. From this point the majority reasoned that since Tackett could be the thief under this

presumption, and there was no other evidence, he could not be guilty of receiving stolen property from himself. *Liakas v. State,* 199 Tenn. 549, 288 S.W.2d 430. However, under *Deerfield v. State,* 220 Tenn. 546, 420 S.W.2d 649, Tackett could be both the thief and the concealer of stolen property, so the conviction of receiving stolen property was reversed and the case remanded for a new trial on the single charge of concealing stolen property.

The dissenting judge was of opinion the judgment should have been reversed and the case dismissed on authority of *Kessler v. State,* 220 Tenn. 82, 414 S.W.2d 115, because there was no direct evidence that Tackett knew the property had been stolen.

We granted certiorari because of the apparent misunderstanding of this Court's opinions in *Deerfield* and *Kessler.*

In *Deerfield* we held that where the only proof in the case was that the property had been stolen by Deerfield, he could not be convicted for the offense of receiving it. In Kessler we restated the objective test rule as to guilty knowledge of the theft, first adopted in this state in *Wright v. State,* 13 Tenn. 154, restating it in accordance with Wharton's Criminal Law and Procedure:

"That is, the existence of guilty knowledge is to be regarded as established when the circumstances surrounding the receipt of the property were such as would charge a reasonable man with notice or knowledge or would put a reasonable man upon inquiry which if pursued would disclose that conclusion." Wharton's Criminal Law & Procedure, Anderson, Vol. 2, p. 281, sec. 568.

█ Neither of these cases has any direct application to this case. Under the facts of this case another proposition is applicable, that the unexplained possession of goods quite recently stolen may warrant the inference they were illegally received and so imposed on the accused the obligation of accounting for their possession in a straightforward, truthful way, in the absence of which a jury would be warranted in returning a verdict of guilty. 76 C.J.S. Receiving Stolen Goods sec. 17b., Wharton's Criminal Evidence, Vol. 1, Chap. 4, sec. 135; *Pearson v. United States,* 192 F.2d 681 (1952); *Minor v. United States,* 375 F.2d 170, certiorari denied 389 U.S. 882, 88 S.Ct. 131, 19 L.Ed.2d 177 (1967).

█ The proof is that sometime between 8:30 A.M. and 5:00 P.M., on May 24, 1967, Dr. John Knight's home was forcibly entered and several items, including an IBM electric typewriter, a Zenith portable radio, and a Bell & Howell camera, all of which were then reasonably worth $500.00, were stolen. The burglary was discovered when Dr. Knight returned home, and then reported to the police.

On that same day, about 10:30 A.M., a policeman entered a beer tavern and noticed a camera and a Zenith portable radio on the counter in front of one Wright. On inquiry, Wright gave the officer Tackett's name and address as the party from whom he had bought the radio for $3.00 and the Bell & Howell camera for $5.00. This situation caused further investigation, and on the same day the police recovered the IBM electric typewriter from one Russell, who later testified he let Tackett have $30.00 on Tackett's statement that he would take the typewriter up and repay Russell.

When arrested, Tackett told the officers that he had gotten the stolen articles from a person or persons unknown to him, and whom he could not identify or describe. At the trial, Tackett changed his story and denied that he had sold the radio and camera to Wright, but would not deny the typewriter transaction with Russell, claiming only that he had been so intoxicated he could not recall it.

Under these facts *Deerfield* is inapplicable. Here there is evidence from the arresting officer that Tackett said he received the property. In *Deerfield* all of the evidence was that Deerfield had stolen the property, so that the crime of receiving stolen property could not possible have been committed.

*Kessler* is to be distinguished from this case more on its fact than upon its reliance on the objective test of guilty knowledge. In that case a narcotic agent, by pre-arrangement made with Kessler to buy narcotics from him, drove to Bowling Green, Kentucky, where Kessler left the agent's company, returning after an hour or so with a paper sack containing drugs. Upon their return to Nashville, Kessler was arrested and charged with theft of the drugs in Davidson County, Tennessee, and with receiving and concealing them, a portion of the drugs which he had gotten in Bowling Green, Kentucky having been identified by a Nashville druggist as drugs stolen from his store. The evidence in this respect was that thieves had entered the druggist's store through a hole in the roof, which was not large enough to admit Kessler, who was so large and corpulent it would have been impossible for him to have gotten through it. The jury acquitted of burglary but convicted of receiving and concealing. In a thorough opinion discussing all aspects

of the facts, Chief Justice Burnett pointed out that the only receipt of the drugs shown by the evidence occurred in Kentucky and there was no evidence either direct or circumstantial to show Kessler knew the drugs had been stolen. The judgment in Kessler was reversed because the burden and weight of the evidence exonerated him of receiving or concealing stolen property in Davidson County.

In the present case, however, the proof conclusively shows Tackett was in possession of the camera and the radio at approximately 10:30 A.M. on the same morning they were stolen, and that he sold them at the suspiciously low price of $8.00. The proof also shows conclusively that on the same day of the theft, Tackett was in possession of Dr. Knight's IBM electric typewriter and disposed of it for $30.00. This unsatisfactorily explained possession of most recently stolen property would have supported a conviction for larceny. *Parham v. State,* supra. The jury evidently felt warranted in foregoing this verdict in favor of the receiving and concealing count, because there was no direct evidence that Tackett broke and entered and carried away the property. However, this character of possession clearly warrants the inference, in the absence of a reasonable and honest explanation, that Tackett received the property with guilty knowledge of its theft.

■ While it is the rule as first held in *Wright v. State,* supra, and as restated in *Kessler,* that guilty knowledge is necessary to sustain a conviction for receiving and concealing stolen property, it must also be the rule, because logic and good judgment require it, that the unexplained exclusive possession of stolen property shortly after commission of the robbery may warrant a finding

that the possessor has guilty knowledge of the larceny or robbery. And unless this exclusive possession of stolen property after larceny or robbery is accounted for in a straightforward, truthful way, and unless the jury finds the explanation reasonable and satisfactory, the jury would be warranted in returning a verdict of guilty of receiving and concealing stolen property.

We have considered the other assignments of error, which, were pretermitted by reason of the disposition made of the case in the Court of Criminal Appeals, and are of opinion they are without merit.

The judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.