STATE OF TENNESSEE

*v.*

CLAYTON ARNOLD VEACH.

456 S.W.2d 650.

(*Nashville,* December Term, 1969.)

Opinion filed June 1, 1970.

DAVID M. PACK, Attorney General and Reporter, LANCE D. EVANS, Assistant Attorney General, ALFRED WEHBY, and RICHARD SPEIGHT, Assistant District Attorneys General, Nashville, for State.

DAVE A. ALEXANDER, Franklin, for defendant.

414

Judgment of Court of Criminal Appeals reversed and judgment of trial court with respect to concealing charge affirmed.

Mr. Special Justice Jenkins delivered the opinion of the Court.

The defendant, Clayton Arnold Veach, was convicted in the Davidson County Criminal Court of receiving and concealing stolen property. The Court of Criminal Appeals reversed the trial court on the charge of receiving stolen property; and reversed and remanded the case for a new trial on the concealing charge. We granted the State's petition for Writ of Certiorari.

The proof discloses that sometime between 1:00 a.m. and 11:00 a.m. on April 1, 1967, numerous articles of clothing valued at approximately $800.00 were stolen from the automobile of Captain George L. Barnes while the car was parked in front of the Woodmont Terrace Apartments.

On April 19, 1967, a warrant was obtained to search a house located at 3132 Ironwood Drive in Donelson, which house had been rented for the defendant by a Miss Jackie Murphy because "he was afraid people would recognize him." In the defendant's bedroom closet the officers found sundry articles of clothing which Captain Barnes identified as his.

One of the officers executing the search warrant testified that when the other officers appeared at the defendant's front door, the defendant attempted to escape through a back window.

Miss Murphy, a friend of the defendant, in testifying for the State, related that she had seen the recovered clothing in a house on Colonial Drive, where the defendant had lived prior to moving to the Ironwood residence; and that the clothing was moved from the house on Colonial Drive to Ironwood Drive at the defendant's direction. Juanita Cowell testified the moving was at night.

On the trial of the case the jury found the defendant guilty "of receiving and concealing stolen property over the value of One Hundred ($100.00) Dollars," and his punishment was fixed at three years in the state penitentiary. The Court of Criminal Appeals in reversing the conviction of receiving stolen property found that there was no evidence that the defendant received the property from a third person and that such evidence is essential to sustain a conviction for receiving stolen property. *Deerfield v. State* (1967), 220 Tenn. 546, 420 S.W.2d 649.

The Court of Criminal Appeals was correct in reversing the defendant's conviction of receiving stolen property. For a defendant to be found guilty of receiving stolen property it is necessary to show that he received it from a third person, T.C.A. Section 39-4217(A); *Deerfield v. State*, supra.; *Franklin v. State* (1957), 202 Tenn. 666, 308 S.W.2d 417; but this record is devoid of any evidence which would establish such a fact. We feel that the State failed to carry its burden in this respect; and,

therefore, any judgment of conviction of receiving stolen property was properly reversed.

Next, we must consider whether the Court of Criminal Appeals was correct in reversing and remanding the case for a new trial on the charge of concealing stolen property.

In order to sustain a conviction for concealing stolen property, besides proof of the theft and defendant's actual or constructive possession soon thereafter, it is necessary to show that the defendant knew that the goods were stolen. *Kessler v. State* (1967), 220 Tenn. 82, 414 S.W.2d 115. In deciding this issue the jury is entitled to look at all the evidence, circumstantial and otherwise, showing guilty knowledge, or the lack thereof, on the part of the defendant, and as enunciated in *Tackett v. State* (1969), 223 Tenn. 176, 443 S.W.2d 450, an inference of guilty knowledge may arise from the unexplained possession of stolen property shortly after commission of the theft.

"And unless this exclusive possession of stolen property * * * is accounted for in a straightforward, truthful way, and unless the jury finds the explanation reasonable and satisfactory, the jury would be warranted in returning a verdict of guilty of receiving and concealing stolen property."

In the instant case the defense offered no explanation of the defendant's possession of the stolen property. Additionally, there was evidence that the defendant attempted to flee from the officers who were executing the search warrant. When these two factors are considered together, it is apparent that the jury was warranted in

returning a verdict of guilty of concealing stolen property.

■ Of course, the defendant was not required to take the witness stand, but the defense under Tackett, supra, must offer some explanation of possession of stolen goods. If not, a prima facie case is made out by the State and is sufficient to convict of concealing stolen goods.

■ Therefore, we can see no useful purpose in sending this case back to the criminal court for a new trial on that charge, as it is clearly established by this record that the defendant is guilty of this offense. It would be an idle formality and a waste of the law-abiding taxpayers' money, and after all, they do have a stake in law enforcement. We are not here to find legal technicalities to delay or thwart justice, but on the other hand, to apply the law in a simple and reasonable manner so that the ends of justice will be met.

The judgment of the Court of Criminal Appeals reversing and remanding the conviction for concealing stolen goods is reversed, and the judgment of the trial court, sentencing the defendant to a term of not less than three years nor more than three years in the penitentiary for the offense of concealing stolen goods is affirmed.

DYER, CHIEF JUSTICE, CRESON, JUSTICE, and SMITH, SPECIAL JUSTICE, concur.

McCANLESS, JUSTICE, not participating