**STATE of Tennessee, Appellee,**

v.

**Clarence BURSE, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 6, 1979.

Permission to Appeal Denied by Supreme Court Feb. 25, 1980.

William M. Leech, Jr., Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, Jack Seaman, Asst. Dist. Atty. Gen., Memphis, for appellee.

Barry A. Wiener, Memphis, for appellant.

OPINION

WALKER, Presiding Judge.

In three indictments the Shelby County grand jury charged the appellant, Clarence Burse, and a codefendant, Anthony Casper Wilson, with grand larceny, receiving stolen property, and concealing stolen property, all in relation to a U-Haul truck; with third degree burglary of Bill Williams' Rental, a U-Haul franchise; and with attempted burglary of Karnowsky's Liquor Store. The cases were severed as to Wilson and he testified for the state. On Burse's trial under the three indictments, he was convicted of receiving stolen property over the value of $100 and was sentenced to three to

ten years in the penitentiary. He was also convicted of an attempt to commit a felony and sentenced to one to five years in the penitentiary, consecutive to the first sentence. The jury acquitted him of the burglary of Bill Williams' Rental.

For the reasons hereafter discussed, we reverse and dismiss the receiving stolen property case and affirm the attempt to commit a felony case.

The appellant did not testify or offer any evidence.

The state's evidence, which the jury accredited, showed that between October 23 and October 25 Bill Williams' U-Haul Rental franchise business was burglarized and a 14-foot U-Haul truck was stolen. In the early morning hours of October 24 two men in this vehicle undertook to break into the Karnowsky Liquor Store. When police arrived, these men fled. Wilson was apprehended in the vicinity within a short time. A minute or two later, officers found the appellant hiding under an automobile in a nearby parking lot behind an apartment house. He would not come from beneath the car when ordered and remained there until the officers had him brought out by a dog. The appellant's description and clothing fit generally the description given by witnesses to the attempted burglary.

Wilson testified that the appellant, driving the U-Haul truck at 1:00 or 2:00 a.m., October 24, asked him (Wilson) if he wanted to take care of some business with him; that he went with the appellant and that they were trying to break into the liquor store when they heard the tires of the police car. They fled together but then split up. He denied any part in the theft of the vehicle.

■ We find merit in the appellant's attack on his conviction for receiving stolen property. There was no evidence that he received the U-Haul truck from a third person. For a person to be guilty of receiving stolen property, it is necessary to show that he received it from a third person. *State v. Veach*, 224 Tenn. 412, 456 S.W.2d 650 (1970); *Deerfield v. State*, 220 Tenn.

546, 420 S.W.2d 649 (1967). In challenging this rule, the state relies on *Tackett v. State*, 223 Tenn. 176, 443 S.W.2d 450 (1969). Its reliance on *Tackett* is misplaced. In that case there was evidence that Tackett told the arresting officer that he had received the stolen property from another person.

■ The appellant complains that the court did not instruct the jury that Wilson was an accomplice as a matter of law. He did not request the court to do so and he offered no special request to that effect. Wilson was indicted with the appellant in the three cases and testified that he participated in the attempted burglary. He was an accomplice as a matter of law. There was ample corroboration of his testimony, however, and the failure of the court to declare him an accomplice as a matter of law resulted in no prejudice. This assignment is meritless. Rule 36(b) Tennessee Rules of Appellate Procedure. The court's instructions on corroboration of an accomplice's testimony were correct and no further instructions were required.

■ In corroboration of the accomplice's testimony, the evidence showed that a person of the appellant's description and dress attempted to break into the liquor store and fled from the scene; that the appellant was found in the vicinity shortly afterwards hiding under an automobile; that he refused to leave his hiding place until forced out by a police dog. This evidence shows sufficient corroboration. See *Rockwell v. State*, 550 S.W.2d 250 (Tenn.Cr.App.1976).

The judgment for receiving stolen property is reversed and dismissed. The judgment for attempt to commit a felony is affirmed.

TATUM and DAUGHTREY, JJ., concur.