**STATE of Tennessee, Appellee,**

v.

**Robert COLE, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 7, 1982.

Brett B. Stein, Robert A. Wampler, Memphis, for appellant.

William M. Leech, Jr., State Atty. Gen. and Reporter, Steven A. Hart, Asst. State Atty. Gen., Nashville, Kenneth R. Roach, Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

BYERS, Judge.

The defendant was convicted of receiving stolen property and sentenced to serve not less than three (3) years nor more than three (3) years.

The defendant says there was a fatal variance in the proof, which showed the vehicle was titled in the name of Jessie

Donnerson, and the indictment, which alleged the vehicle was owned by Neloa Donnerson, and says the evidence is insufficient to support the verdict.

The judgment is reversed, and the charges are dismissed.

The evidence in this case shows without question the defendant stole the vehicle subject to this prosecution from a business location in Shelby County. He confessed to this. There is no evidence to show he received the stolen vehicle from a third person, or if he did, whether he received it in Shelby County or in the state of Tennessee or in the state of Mississippi where he was arrested while riding as a passenger in the stolen vehicle.

The indictment charged the defendant in the first count of larceny of "one (1) automobile of the value of $1,400.00 . . . of the proper goods and chattels of Neloa Donnerson." The second count charged the defendant with receiving the stolen vehicle and the third count charged the concealing thereof.

■ The purpose of requiring the indictment to describe the property allegedly stolen is to advise the accused of the nature of the charges against him so that he may prepare his defense, to enable the jury to determine from the proof whether the property shown to have been stolen was the property alleged in the indictment, and to protect the defendant from future prosecution thereon. *State v. Morrow,* 530 S.W.2d 60 (Tenn.1975).

In *Daughtery v. State,* 221 Tenn. 56, 424 S.W.2d 414 (1968), it was held the allegation that the stolen property belonged to a named person became part of the description and such ownership had to be shown to avoid a fatal variance between the indictment and the proof.

■ Although we think the description of this vehicle as one automobile of the value of one thousand four hundred dollars ($1,400.00) and the property of Neloa Donnerson was extremely skimpy, we do not think the description was fatal. Where property, such as a vehicle, may be more

particularly described, we think the better practice is to be more particular. However, if the defendant deemed the description of the vehicle to be insufficient, he should have moved for a more definite description by way of a motion for a bill of particulars. T.R.Cr.P. 7(c). The defendant did not do this, and we are of the opinion the evidence, which described the vehicle, was sufficient to protect him from future prosecution for the theft of the vehicle.

We do not think there is a fatal variance between the allegation of ownership in the indictment and the evidence at trial.

The evidence shows Neloa Donnerson and Jessie Donnerson were husband and wife and had been married for eighteen years. Neloa contributed to the purchase of the vehicle, and from the proof, it appears she drove the vehicle regularly, especially to her place of employment from which it was taken.

■ If there is any evidence the person who is alleged to be the owner of property has a special interest in stolen property, such evidence is sufficient to support a conviction even though the evidence shows the person has less than legal title thereto. *Fiedler v. State,* 479 S.W.2d 814 (Tenn.Cr. App.1972).

■ We are of the view the evidence is insufficient to prove the defendant guilty of receiving stolen property because the uncontradicted state's proof showed the defendant was the thief. We are of the further opinion the state failed to show this crime, if any, occurred in this state.

The state insists the jury may infer the defendant received the stolen vehicle on the basis of his alleged possession soon after the theft of the vehicle. It is true unexplained possession of stolen property may be sufficient circumstantial evidence upon which to base a finding the defendant knew the property was stolen and that it was received from a third party. *State v. Hatchett,* 560 S.W.2d 627 (Tenn.1978).

In cases based upon the inference drawn from the possession of recently stolen prop-

erty, the possession must be of such a nature to exclude the probability that the possession is innocent. The inference may not be based upon conjecture, speculation, guess or possibility. *Sullivan v. State,* 513 S.W.2d 152 (Tenn.Cr.App.1974).

In this case the defendant was found riding as a passenger in the stolen vehicle. There was no evidence he was exercising dominion and control over the driver. Such circumstance is not sufficient upon which to draw an inference the defendant received the property from a third person knowing the property to be stolen.

Assuming arguendo the above circumstances were sufficient to support a finding of guilt on the charge of receiving stolen property, there was no showing this offense occurred in Tennessee. The defendant was seen in this vehicle in the state of Mississippi. If the defendant received the property in Mississippi, Tennessee had no jurisdiction of the crime.

Beyond what we have already said about this case, the undisputed evidence in this case shows the defendant committed the larceny. A person who is the thief cannot be convicted as the receiver of the property he has stolen. *Deerfield v. State,* 220 Tenn. 546, 420 S.W.2d 649 (1967).

The defendant was put to trial on larceny, concealing stolen property and receiving stolen property. He could only be convicted of one of these offenses because the charges grew out of one transaction. T.C.A. § 39–4218.

The jury returned a specific verdict upon one count of the indictment. This resulted in an acquittal on the other counts. *Briggs v. State,* 573 S.W.2d 157 (Tenn.1978).

Had the charges of receiving and concealing stolen property been dismissed and the case submitted to the jury on the charge of larceny and on any lesser offenses of larceny, a verdict of guilty could have stood.

We have no choice but to reverse the judgment in this case and dismiss the charges against the defendant because any subsequent prosecution would be in violation of the double jeopardy clause.

WALKER, P.J., and DUNCAN, J., concur.