**Ned TAYLOR, Plaintiff in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Dec. 18, 1972.

Certiorari Denied by Supreme Court
March 19, 1973.

Thomas A. Buford, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., and Robert H. Roberts, Asst. Atty. Gen., Nashville, Don Dino, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

DWYER, Judge.

Defendant Ned Taylor at a joint trial of three defendants, was convicted by a jury for committing the offense of receiving stolen property over the value of one hundred dollars with resulting confinement and judgment entered thereon for not less than three nor more than five years.

The evidence from our review reflects a codefendant J. C. Nathan, Jr., was tried at the joint trial on a guilty plea and was convicted by the jury of committing the offense of grand larceny with resulting punishment of confinement for not more than three years. He did not appeal.

Codefendant A. L. Townsend was acquitted when at the close of the State's proof the learned trial court on motion by retained counsel directed the jury to return a verdict of not guilty.

The evidence reflects that the Sam Shainberg Company in Memphis had hired the Mark Lipman Industrial Investigation firm to make an outside investigation of their company. No reason is advanced in the State's proof for this investigation other than an inference that the company suspected shortages in their stock. At any rate the outside agent cultivated an acquaintanceship with the defendant Taylor on the instructions of his company. The supervisor of the investigation was notified by the agent that the agent was to make a purchase from Taylor on April 22, 1970, at Taylor's home in south Memphis. The supervisor observed on the evening of that date that his agent and the defendant came from inside defendant's home and placed a large cardboard box in the trunk of the agent's car. He and the agent met a few blocks removed from defendant's home and opened the box and found that it was full of men's trousers, seventy-two in number. The agent related he had paid the defendant one hundred and twenty-five dollars for the box of pants. An official of the Shainberg Company identified the pants as the company's property by comparison of the label on the box with the invoice records of the company. He estimated their purchase price was $225. We are from our review satisfied that the box of pants recovered was the property of Shainberg's.

The proof reflects that the codefendant Nathan who was an employee at Shainberg's helped remove a box of pants from the warehouse to the loading dock on April 21. He was paid thirty-six dollars for his services. At the trial his confession to the investigation supervisor implicating Taylor and Townsend by name was objected to

and a hearing was held out of the presence of the jury. The learned trial court ordered all references to the codefendants Taylor and Townsend to be omitted from the statement of Nathan. The statement was then introduced into evidence against Nathan. This is a basis for one of the assignments of error and will be dealt with later in this opinion.

The defendant did not testify and the State's proof reflects he denied any knowledge of the transaction.

Defendant first contends that the evidence is insufficient in that no theft was proven and the offense as set forth in the indictment did not occur in Shelby County.

▮ The defendant cites Deerfield v. State, 220 Tenn. 546, 420 S.W.2d 649; Kessler v. State, 220 Tenn. 82, 414 S.W.2d 115; and Franklin v. State, 202 Tenn. 666, 308 S.W.2d 417. However, these cases are not dispositive of the issues under the facts found in this record. Deerfield v. State, supra, teaches that Deerfield, under the peculiar facts of that case, was either guilty of the larceny or guilty of nothing. See Tackett v. State, 223 Tenn. 176, 178, 443 S.W.2d 450. In Kessler v. State, supra, the facts failed to show that Kessler received the drugs in Tennessee knowing them to have been stolen. In Franklin v. State, supra, again the only proof in the record pertained to whether Franklin was the thief, and not to his receipt of the goods from another. In the case at hand Taylor stands convicted of a substantive felony, receiving stolen property, separate and distinct from the felony of stealing property. See T.C.A. § 39–4217 and Wright v. State, 2 Tenn.Crim.App. 95, 99, 451 S.W.2d 707, 709. The essential elements of the offense of receiving stolen property are: (1) the receiving with guilty knowledge, that is, knowing it to have been stolen, and (2) the intent to deprive the true owner. See Rice v. State, 50 Tenn. 215, 226. To determine if the guilty knowledge is present we follow in this

State the objective test rule. See Wright v. State, 13 Tenn. 154, restated in Wharton's Criminal Law and Procedure, Vol. 2, p. 281, § 568, and repeated in Tackett v. State, supra:

"That is, the existence of guilty knowledge is to be regarded as established when the circumstances surrounding the receipt of the property were such as would charge a reasonable man with notice or knowledge or would put a reasonable man upon inquiry which if pursued would disclose that conclusion."

▮ Now applying the foregoing to the uncontested facts in this record, the jury had before it: (1) the pants were the property of Shainberg and missing; (2) they cost Shainberg $225; (3) they were in the exclusive possession of the defendant; (4) they were in an unopened box; (5) the label number of this box corresponded with Shainberg's purchase order reflecting 72 pants; (6) there were 72 pants in the box; (7) the defendant sold the box to the agent for $125, much below the true value of the 72 pants; and (8) there is no proof in this record that defendant had an authority to sell these pants, or any explanation of how he obtained their possession. We think applying the objective test rule that these circumstances fully support the verdict as returned. From the very nature of these goods, and the low price for which they were sold, the jury could and presumably did from these circumstances infer that the defendant received the goods knowing them to have been stolen and sold them, thereby supplying the requisite intent to deprive the true owner. All of the circumstances referred to above occurred in south Memphis. We can take judicial knowledge that south Memphis is in Shelby County. See Hopson v. State, 201 Tenn. 337, 343, 299 S.W.2d 11. Further, this proof includes circumstances from which the jury could and did conclude the pants were stolen. See Liakas v. State, 199 Tenn. 298,

303–305, 286 S.W.2d 856. The assignments pertaining to the sufficiency of the evidence are overruled.

Defendant next contends that the court erred in allowing into evidence the confession of the non-testifying codefendant Nathan, relying upon Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. The trial court upon defense's objection held an out of the presence of the jury hearing and instructed the State to delete all references to the defendants Taylor and Townsend from the inculpatory statement of Nathan. The purged and altered version of Nathan's confession was allowed to go to the jury with instructions by the learned trial judge that it was not to be considered against Taylor or Townsend. From our review this confession was competent as to Nathan.

■ However, from our review of the statement of Nathan as admitted, as compared to other factual information available to the jury in the proof, we conclude that the statement unfairly connected the defendant Taylor to the events which were recounted in Nathan's statement. First, as read to the jury, the statement contained references to two other persons involved in the removal of a box of pants from the company. One of these persons, Townsend, was referred to throughout as "he", after the alterations to the statement were made. The other person was referred to as "the father". There is evidence in the record elsewhere that Taylor was the step-father of Townsend. Second, there is proof elsewhere in this record that Townsend was an employee of Shainberg. Third, the statement as read noted that Nathan went to a house in south Memphis to collect for his efforts in the theft, at which location he saw the box of pants. There is evidence elsewhere in the record that the investigating agent made the purchase of the box from Taylor at an address in south Memphis.

In consideration of these connections of defendant Taylor, as well as Townsend,

with the statement of Nathan as presented to the jury, and in view of the fact that the statement involved only three men, and three men were sitting in the courtroom as codefendants throughout the trial, we hold that the reading of this statement of the non-testifying codefendant, without the opportunity of defendants Taylor and Townsend to cross-examine the maker of the statement, was a violation of Bruton v. United States, supra, even though the court's charge instructed the jury not to consider Nathan's statement as evidence against Taylor or Townsend.

We do not hold that all statements of non-testifying codefendants, though purged of references to others, are inadmissible in evidence. Properly altered to eliminate all connecting references to the other defendants, this statement of Nathan's could have been rendered unprejudicial to the codefendants. We only hold that this statement was not adequately stripped of all connecting references to other evidence in the proof that inculpated defendant Taylor.

We are further aware that under circumstances of overwhelming proof of guilt elsewhere in the record, admission of a codefendant's statement, though error, could be held harmless error. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. However, in this record the only evidence, other than Nathan's statement, inculpating Taylor, is the testimony of the agent regarding the purchase of the box of pants from Taylor. On the possibility that the jury would not have been satisfied with only that evidence, particularly as related to the necessary element of Taylor's knowledge that the goods were stolen, we are not prepared to conclude that the statement's admission was harmless error.

We note in this record, as to the element of knowledge that the goods were stolen, there is nothing in the proof offered by the State that we are dealing with recently stolen goods, except from Nathan's state-

ment. Hence the allowable presumption of guilt, and guilty knowledge, arising from unexplained mere possession of recently stolen goods, is not applicable here. See Tackett v. State, supra, and Gossett v. State, 224 Tenn. 374, 455 S.W.2d 585.

It follows that the assignment regarding the admission of Nathan's statement into evidence is sustained.

Defendant also contends the inferences permissible from the possession of the stolen property do not overcome his presumption of innocence. We disagree. All the factual circumstances outlined in our overruling his assignments pertaining to the evidence were sufficient to overcome his presumption of innocence, and we so hold. The assignment is overruled.

Taylor lastly contends the trial court erred in denying his motion for directed verdict. We disagree. There was as out-

lined sufficiency of facts in this record for the court to allow his case to go to the jury. The assignment is overruled.

The judgment of the trial court is reversed. The cause is remanded for a new trial.

WALKER, P. J., concurs.

OLIVER, Judge (dissenting).

In my opinion, admission of Nathan's confession, purged of all references to the defendant and the *acquitted* co-defendant, was not prejudicial to the defendant, especially in view of the abundantly sufficient evidence of his guilt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L. Ed.2d 284.

I would affirm.