James **WHITE**, Jr., and Walter Lee Johnson, Plaintiffs in Error,

v.

**STATE** of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

April 6, 1973.

Certiorari Denied by Supreme Court July 16, 1973.

**752**

Hugh W. Stanton, Jr., Memphis, for plaintiffs in error.

David M. Pack, Atty. Gen., William B. Hubbard, Asst. Atty. Gen., Nashville, Thomas E. Crawford, Sr., Asst. Dist. Atty. Gen., Michael W. Hughes, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

DWYER, Judge.

James White, Jr., and Walter Lee Johnson, plaintiffs-in-error, herein referred to as defendants, were convicted for committing the offense of robbery with resulting punishment of confinement in the penitentiary for not less than five nor more than six years as to each. From the judgment rendered thereon this appeal in the nature of a writ of error has been seasonably filed after the trial court overruled their motions for new trial.

There have been several assignments of error filed on behalf of both defendants by the public defender. They are grouped together in this opinion where they coincide, and where they do not coincide they will be outlined individually.

Both defendants contend: (1) that the evidence is insufficient to sustain the verdict; (2) that the court erred in allowing the statement of the victim who for unrelated causes died prior to the trial to be admitted into evidence as res gestae; (3) that the court erred in overruling their motion for a directed verdict at the close of the state's proof for failure to prove venue and for allowing the state to reopen its case to elicit testimony to establish the

venue; and (4) that the court erred in allowing into evidence ten thousand or more dollars found by police in the home of the victim after the robbery. Johnson contends: (1) that the court erred in allowing the witness Merritt to remain in the courtroom during the legal decisions on the competency of the victim's statement to Merritt; and (2) that the court erred in allowing into evidence the confession of White, it depriving Johnson of his right of confrontation as delineated by Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. White also contends that it was error to allow his confession into evidence, claiming that it was involuntarily given and contrary to the teachings of Miranda v. Ariz., 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The facts reflect from our review that on February 10, 1971, the victim, Ike Beverly, staggered into the home of his neighbor, Willie Ford Merritt, around 7:30 p. m. He had a knot on his head, his jaws were swollen, and there was blood about his person. The neighbor and his wife administered superficial first aid. Merritt testified that the victim, Beverly, had blurted out a statement to the effect that, "his niece's boy had robbed him and taken four or five hundred dollars off of him, beat him over the head with a stilson wrench and taken his car." The witness related that at the time of this statement Beverly appeared to be in shock. He also related that the statement was not in response to any inquiry of his. The neighbor called the police, and the investigation which followed resulted in the recovery of the car on the following day. Further, the officers, in checking the victim's home, found the bedroom disarranged and blood spots on the floor. They also uncovered a cache of money consisting of silver and currency in excess of ten thousand dollars.

The defendant White was arrested a few days after the crime and detailed a full confession as to his complicity, with implication of Johnson.

The defendant Johnson was arrested months after the crime and denied any complicity. This denial was introduced into evidence.

The brother of Johnson testified as a witness for the state and related that prior to the crime the defendant asked him if he would help him rob their "uncle," the victim Beverly. There was some conflict in the testimony as to whether this conversation took place two days or three weeks before the robbery.

The defendant White did not testify and offered no proof. The defendant Johnson testified and denied the robbery and the incriminating statement that his brother testified to and maintained an alibi defense.

The proof establishes that Johnson was the nephew of the victim Beverly.

■ We think the evidence is sufficient to sustain the verdict as to White. It is insufficient as to Johnson.

■ We think the trial court was correct in allowing into evidence the res gestae statement of the victim. It is true that there was a time lapse of an hour after the robbery and prior to the statement. However, we do not feel under these circumstances that the time element is controlling. The witness related that the victim was in shock and still suffering the effects of the assault at the time of his exclamation as quoted in our narration of the evidence. We do not feel the trial court abused its discretion in allowing into evidence the statement. See Wakefield v. State, 175 Tenn. 111, 117, 132 S.W.2d 217; Canady v. State, 3 Tenn.Cr.App. 337, 345, 346, 461 S.W.2d 53.

Having held that the statement was competent we then think the corpus delicti of the robbery has been made out. We then reason, coupling this with the confession of White, that the evidence is sufficient to sustain the verdict as to White.

However, we feel that the evidence as to Johnson is not sufficient and will reach the

merits of that contention when we treat his assignment pertaining to the confession of White.

We therefore overrule the assignments of both pertaining to the res gestae statement.

■ We do not think the court abused its discretion in allowing the state to reopen its proof and thereby establish the venue. First, the brother of Johnson, a state witness, although served and present was unavailable when the state called for his testimony. The state then rested its case, but prior to any proof of the defendants the witness came forward. The court, on discovering that the tardiness of the witness was due to car trouble, allowed the state to reopen its case and provide positive proof by the witness of venue. We think under the circumstances the court did not abuse its discretion in allowing the state to reopen its proof. See Wharton's Criminal Procedure, Vol. 5, § 2031, page 176; Coffee v. State, 188 Tenn. 1, 3, 216 S.W.2d 702; Hughes v. State, 126 Tenn. 40, 76, 148 S.W. 543. The assignments pertaining thereto are overruled.

■ Both defendants contend the court erred in allowing into evidence the ten thousand dollars the officers found in the home of the victim. We find no prejudice here. The assignments are overruled.

■ Johnson contends the court erred in allowing the witness Merritt to remain in the courtroom during the legal discussions about the competency of the victim's statement to Merritt. He reasons that the witness by remaining could listen to the discussion and then could answer accordingly. We note that this conjectural assertion was raised for the first time on Johnson's amended motion for new trial. See Ezell v. State, 220 Tenn. 11, 18, 413 S.W.2d 678. We find no merit in this assignment. It is accordingly overruled.

■ White contends the trial court erred in allowing into evidence his confes-

sion. The trial court held a full hearing out of the presence of the jury, in which the officer and White testified. The trial court found the confession to have been taken freely and in compliance with the *Miranda* admonitions. Where as here the trial court viewed and heard the witnesses and then made his determination on their credibility, we are bound by his rulings unless the evidence preponderates against it on appeal. See Bratton v. State, Tenn.Cr. App., 477 S.W.2d 754, 756. We find no preponderance from our review. The assignment by White is overruled.

■ Turning our attention to Johnson's contention that the confession of White deprived Johnson of confrontation rights, we find that the record reflects that in allowing the confession of White to go to the jury the court ordered the expunging of any references to Johnson. This commendable action of the learned trial judge, as we view this record, was futile in view of Bruton v. United States, supra. When the state seeks to try the defendant jointly it realistically and legally is still an individual trial to the respective defendants even though as here jointly tried. The confession of White made out of the presence of Johnson was not competent for any purpose against Johnson. The trial court instructed this jury accordingly when the confession of White as redacted was admitted. We do not think under the circumstances the instructions in this context were or could be effective. See Bruton v. United States, supra.

■ If the state possesses a confession made by one of the co-defendants out of the presence of the other it:

". . . should consider whether to introduce statements of individual defendants in joint trials or rather to refrain from doing so or to consent to severance of the trials. Any other course involves serious risk that the trials will have been futile." Commonwealth v. Scott, 355 Mass. 471, 245 N.E.2d 415, 419, 420.

It is true that here there was a redaction of Johnson's name from this devastating confession of White with the insertion of "the other person". A reading of this amended confession reflects in the two pages twenty-two references to "the other person". The beginning question by the officers referred to the fact that the robbery was perpetrated by two male blacks. We assume both defendants here were black. The record reflects two males on trial for the robbery. To assume, as urged here by the state, that the insertion of "the other person" cured any possible prejudice to Johnson would be legal sophistry. Or as Justice Learned Hand states, it would be a "mental gymnastic which is beyond not only their (the jurors') powers, but anybody elses." See Nash v. United States, 54 F.2d 1006, 1007 (2nd Cir. 1932). We have stated before that a statement of the confessing co-defendant could be used only if completely stripped of any incriminating references to the non-confessor. See Taylor v. State, Tenn.Cr.App., 493 S. W.2d 477. In this context the insertion of "the other person" does not meet that test. See Serio v. United States, 131 U.S.App. D.C. 38, 401 F.2d 989, 990.

We further note that the state offered proof as to Johnson and White being friends, which is another fact making the insertion of "the other person" suspect.

In viewing the entire proof in this case, stripped of White's confession, the following is the evidence in this record against Johnson: (1) the admitted res gestae statement of the witness Merritt in which he related that the victim stated he was robbed by his niece's son, when this proof reflects Johnson to be the direct nephew of the victim; (2) the testimony of Johnson's brother, upon which the state relies heavily, that Johnson sought his help in robbing his uncle, but this circumstance was watered down when the witness related it was made three weeks before the crime occurred; and (3) the fact that Johnson was seen with the victim on the morning of the event. These related facts are the sole ev-idence against Johnson. We do not think it is sufficient. We sustain his assignment pertaining to the evidence. We also sustain his assignment pertaining to the admission of the confession of White. It is evident under these circumstances that Johnson's conviction was brought about by inferences flowing from the use of the incompetent statement of White.

The judgment of the trial court as to White is affirmed.

The judgment of the trial court as to Johnson is reversed.

OLIVER and GALBREATH, JJ., concur.