**Barbara Sue PATMON and David G. Patmon, Plaintiffs in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Dec. 2, 1974.

Certiorari Denied by Supreme Court as to David G. Patmon, May 27, 1975.

---

F. Thornton Strang and Robert N. Townsend, Chattanooga, for plaintiffs in error.

Milton P. Rice, Atty. Gen., Michael E. Terry, Asst. Atty. Gen., Nashville, Robert J. Batson and Stanley J. Lanzo, Asst. Dist. Attys. Gen., Chattanooga, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendants below, Barbara Sue Patmon and David G. Patmon, were convicted in Hamilton County of receiving stolen property over the value of $100 and sentenced to three years in the penitentiary. The trial judge granted Barbara Sue Patmon's petition for a suspended sentence.

Both appeal in error contending that the evidence does not support the verdict and that the trial judge erred in refusing to direct the verdict in their favor.

On July 20, 1972, the defendant Barbara Sue Patmon, then Barbara Sue McGee, bought from Trotter Pontiac in Chattanooga a green 1969 Oldsmobile for $2,474.95. Soon thereafter Trotter Pontiac assigned the sales contract to American National Bank of Chattanooga.

When Mrs. Patmon bought the car she was married to one Otis McGee who was at that time in military service in Florida. On Mr. McGee's return to Chattanooga about August 7, 1972, and his learning of her purchase, he objected particularly when he found that the car was in the possession of her friend, the defendant David G. Patmon. Mr. McGee forced his wife immediately to sign a voluntary repossession agreement and to surrender title to the bank. After some difficulty in regaining possession, he had the car returned and at the direction of the bank's vice-president had it placed on the lot of Trotter Pontiac, where it remained until it was stolen about October 27, 1972.

Some time after the surrender of the automobile, Barbara Patmon divorced Otis McGee and married David G. Patmon, her codefendant. On May 2, 1973, officers searching for the stolen automobile found it in the possession of the defendants and arrested them. David G. Patmon was driving it at the time and Barbara Sue Patmon was with him.

The defendant David G. Patmon did not testify. In her statement to officers and in her testimony, she said that in October or November 1972, she bought this automobile in question from one Fish Mouth for $400. She testified she saw Fish Mouth on 9th Street in Chattanooga and he told her he had an automobile for sale; that two weeks later she bought this car from him for $350 in cash and $50 to be paid later; the car had been wrecked but Fish Mouth said it would not take much to repair it. By her testimony he said the car was his and she did not know that it was the same one she bought in July 1972 and surrendered in August 1972. She said she did not notice that it had the same license plates issued to her; that Fish Mouth told her she would get papers for the car when she made her final payment of $50; that she did not know Fish Mouth's real name or where he lives and that she has never seen him again. From her testimony, she was in possession of the car soon after its theft. The evidence shows that both defendants had been driving the car and that David G. Patmon had been driving it to and from work.

From this evidence the jury could infer that the defendants were in possession of the recently stolen automobile with the requisite guilty knowledge. We follow the objective test rule for determining guilty knowledge by which its existence is regarded as established when the circumstances surrounding the receipt of the property is such as would charge a reasonable man with notice or knowledge or would put a reasonable man on inquiry which if pursued would disclose that conclusion. See *Kessler v. State*, 220 Tenn. 82, 414 S.W.2d 115; *Taylor v. State*, Tenn.Cr.App., 493 S.W.2d 477. The unexplained possession of recently stolen goods may warrant the inference that they were illegally received. *Tackett v. State*, 223 Tenn. 176, 443 S.W.2d 450. The jury did not believe the defendants' explanation of their possession of the property. Under this evidence, it was warranted in returning a verdict of guilty of receiving stolen property against both defendants.

Without merit is the contention that proof of value over $100 was not proven. Barbara Sue Patmon's testimony is that she paid $400 for the repurchase of the vehicle. She had purchased the same car a few months before for over $2400. The testimony of the manager of Trotter Pontiac was admissible on that value. The trial judge

did not err in refusing to direct a verdict for the defendants on the evidence presented here.

■ The sentence reflects that both defendants are "disqualified from exercising the elective franchise." Chapter 740, Sec. 4(70), of the Public Acts of 1972, deleted this provision. The judgment is modified by striking this disqualification.

As modified the judgment is affirmed.

O'BRIEN, J., concurs.

DWYER, J., concurs with opinion.

DWYER, Judge (concurring).

I am in complete accord with my esteemed Presiding Judge in his treatment of the assignments of error advanced in this record and the results of his considerations of them. However, under Rule 43 of the Supreme Court, Judicial Canon 19, I am prompted to write about T.C.A. § 40–2901. This section is highlighted in this opinion, by the appeal of Barbara Sue Patmon, because the learned trial judge suspended her sentence and also allowed direct appeal of her conviction.

It may be judicially acknowledged that one of the foremost problems in this country today is the rising crime rate. The writer believes that one way of combatting this deleterious blight on our society is by expeditiously arriving at a conclusion to a prosecution.

The statute by its terms confers on the defendant the right to petition for a suspended sentence without loss of direct appeal. We think this is good legislation and have no quarrel with that facet of the statute.

However, the merits of the statute end when it extends the power of the judge to grant or deny a suspended sentence after this court or the Supreme Court has returned final judgment. The proviso in question states:

"... Provided further, That any defendant may file application for such a suspension of sentence or parole therefrom, upon the return of the final verdict, judgment or award of the court of criminal appeals, or the Supreme Court of Tennessee, as the case may be, whichever may be final, on or before the expiration of the term to which the procedendo of the final appellate court is returned, and the trial court shall have full power to act thereon."

Under this proviso, see Chapter 513, Public Acts of 1972 and reading the recent decision of our Supreme Court, see *Stiller v. State*, Tenn., 516 S.W.2d 617, released November 12, 1974 at Nashville, the defendant may, after affirmation, again petition for a suspended sentence and if denied again appeal from that judgment and thereby, again, abate incarceration pending that appeal. I think this portion of the statute is useless and senseless legislation which should be repealed.

I concur in affirming this judgment.