Charles I. McCOOK and Jimmy
Richardson, Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

March 22, 1977.

Certiorari Denied by Supreme Court
June 6, 1977. (Richardson).

Certiorari Denied by Supreme Court
Aug. 1, 1977. (McCook).

Thomas E. Stamper, Clarksville, for
McCook.

Collier Goodlett, Jr., Clarksville, for Richardson.

Brooks McLemore, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, John J. Hestle, Dist. Atty. Gen., Clarksville, for appellee.

O'BRIEN, Judge.

OPINION

Charles McCook and Jimmy Richardson were indicted for kidnapping, rape, armed robbery, assault and battery with intent to murder and grand larceny. McCook was convicted of kidnapping and sentenced to serve four (4) to ten (10) years; on rape he

was convicted and sentenced to serve nine-ty-nine (99) years; he was convicted of simple robbery and sentenced to serve from five (5) to ten (10) years; on grand larceny he was convicted and sentenced for six (6) to ten (10) years. He was acquitted of the charge of assault and battery with intent to commit murder. Richardson was sentenced to four (4) to ten (10) years for kidnapping; ninety-nine years (99) for rape; life imprisonment for armed robbery; and six (6) to twenty-one (21) years for assault and battery with intent to commit murder; and six (6) to ten (10) years for grand larceny. All of the sentences for both defendants were set to run consecutively.

By his first assignments McCook contends it was error to consolidate all the cases for trial, and that the verdicts were contrary to the law.

■ It is his contention that the minds of the jury were inflamed resulting in the imposition of excessive sentences because of the submission of five felony charges at one trial. Consolidation of separate indictments for trial is a procedural matter which is discretionary with the trial court. *Bruce v. State*, 213 Tenn. 666, 378 S.W.2d 758; *Withers v. State*, 523 S.W.2d 364 (Tenn.Cr.App. 1975). All of the charges alleged in each indictment grew out of the same incident. Each of the offenses involved the same victim and were so involved with each other it was a relative impossibility to avoid introduction of evidence of one or more of the occurrences in any offer of proof of the others. The reasoning involved in consolidation of separate indictments for trial is fully set forth in *Bruce v. State*, supra, and that reasoning is applicable to the facts of this case. The jury acquitted McCook on the assault charge, and refused to find him guilty of armed robbery, returning a considerably lesser sentence against him than for his co-defendant. There is no evidence that the jury were inflamed or impassioned in any manner in returning their verdicts which were clearly within the ambit of the law of the case. Assignments of error 1 and 2 for McCook are overruled.

Each of the defendants charge error to the action of the trial judge in directing the sentences imposed by the jury to be served consecutively.

It is McCook's contention that his participation in the offenses was of a lesser degree than that of his co-defendant and therefor the trial judge abused his discretion in ordering consecutive sentences. Richardson merely generalizes that the imposition of consecutive sentences virtually removes him from consideration for parole.

The criteria to be followed by a trial judge in determining whether adjudicated sentences should be served consecutively or concurrently are set out in *Gray v. State*, 538 S.W.2d 391 (Tenn.1976).

■ There was a hearing in the trial court regarding the sentencing of defendants. In his order ruling that defendants serve consecutive terms the trial judge held, "that the defendants were dangerous to society in that the acts were done suddenly and that two human beings had another human being under their control and violently abused her and raped her and stole from her and left her for dead." This was a heinous, violent, premeditated and brutal crime engaged upon fully by each of the defendants without any indication of mercy for their victim. It is true that McCook did not actively participate in the armed robbery phase of the encounter, but the jury exonerated him of that charge, as well as the assault to murder. The evidence is plain that he participated or aided and abetted in all of the acts of which the jury found him guilty. We do not find any abuse of discretion on this issue and the assignments are overruled.

Both defendants claim error because they say the trial judge refused to excuse a juror for cause after the juror stated on voir dire examination that he thought maximum punishment should be given in every case and would expect to do so because he had previously been the victim of criminal offenses.

■ The assignment of error does not accurately state the facts insofar as the attitude of the challenged juror is con-

cerned. His actual statement was that he felt a maximum sentence should be imposed if the evidence indicated a defendant was actually guilty. The juror was interrogated by both counsel and the court and said he could render a fair and impartial verdict, as well as follow the instructions of the court on the penalty for various offenses. He said he could be objective in determining the guilt or innocence of a defendant. There is no doubt he was a competent juror. Moreover, a defendant cannot complain of failure to excuse a juror for cause when he has not exhausted all of his peremptory challenges. *Hale v. State*, 198 Tenn. 461, 281 S.W.2d 51; *Prince v. State*, 529 S.W.2d 729 (Tenn.Cr.App.1975); *Harris v. State*, 534 S.W.2d 868 (Tenn.Cr.App.1975). The assignment cannot be sustained.

Defendant Richardson says it was reversible error to allow the admission in evidence over his objection of a taped interview with his co-defendant.

The statement of defendant, McCook, referred to, was quite comprehensive. It was redacted to expunge any reference to his co-defendant. Richardson's principal complaint is that the statement contained numerous references to "he", "his", "him", and "another man"; as well as various references to "we".

Under the rulings of this court in *Taylor v. State*, 493 S.W.2d 477 (Tenn.Cr.App. 1972), and *White v. State*, 497 S.W.2d 751, 754 (Tenn.Cr.App.1973), the statement of McCook was improperly admitted in this case. As we stated in *White*, supra, citing from *Commonwealth v. Scott*, 355 Mass. 471, 245 N.E.2d 415, 419, 420:

"If the State possesses a confession made by one of the co-defendants out of the presence of the other it:

'. . . should consider whether to introduce statements of individual defendants in joint trials or rather to refrain from doing so or to consent to severance of the trials. Any other course involves serious risk that the trials will have been futile.'"

This is a problem frequently encountered in joint trials and we can render no greater service to the trial courts than to emphasize the admonishment just heretofore quoted from the *White* case. However, as we noted in *Taylor*, supra, under the authority of *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, not all trial errors which violate the Constitution automatically call for reversal. See *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. In the *Taylor* case we found that the statement of the co-defendant, compared to other factual information available to the jury in the proof, unfairly connected the defendant Taylor to the events which were recounted in the statement. In the *White* case we held that the evidence as to the co-defendant was insufficient to warrant his conviction except for the statement of White which, although redacted, implicated him in the crime. In the case before us there is no reference to Richardson in the statement made by McCook. There is no indication that they were of different racial origin. The independent evidence did not in any way connect Richardson with the statement made by McCook, it did, point with great force and impact to Richardson as the principle perpetrator of the offenses for which he was convicted.

The victim testified that as she prepared to leave her place of employment on the night of January 7th, 1976, she was endeavoring to remove ice from her automobile windshield. A vehicle pulled up beside her, someone put his hands over her mouth, a gun to her head, and forced her into her own car. She positively identified defendant, Richardson, as this individual who then drove her to an isolated area, followed by McCook. Both men raped her, robbed her, and Richardson stabbed her, leaving her for dead. Richardson was apprehended several days later driving the victim's automobile. A license plate on the vehicle was registered in his name. Two credit cards taken from her purse were discovered in his billfold. A soil sample taken from his shoes matched a soil sample taken from the victim's shoe, and also a soil sample taken from the scene where the offenses took

place. Richardson had been seen driving an automobile of similar description at least two days before his arrest. He endeavored to establish an alibi for the night of the offenses. This was contradicted by witnesses. He was seen on the day after the crime driving an automobile similar in description to the victims' which he said belonged to his sister. He testified he had borrowed the automobile on the 9th or 10th of January from a person at Ft. Campbell. This person could not be located at the time of trial. After his arrest Richardson gave a written statement in which he said he borrowed the car on January 12th, 1976.

Having reviewed the evidence we find that we cannot impute reversible weight to the admission of McCook's statement in this case. See *Harrington v. California*, supra; *Hester v. State*, 450 S.W.2d 609, 2 Tenn.Cr. App. 11. We do not find that this error effected the results of the trial. T.C.A. Sec. 27–117.

We affirm the judgment of the trial court.

BYERS and DUNCAN, JJ., concur.