**STATE of Tennessee, Appellee,**

v.

**Ronnie Lee ADKINS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 20, 1985.

Opinion on Petition to Rehear
Dec. 11, 1985.

Permission to Appeal Denied by
Supreme Court March 31, 1986.

Edward Witt Chandler, Memphis, Tenn., for appellant.

W.J. Michael Cody, Atty. Gen., James W. Thompson, Asst. Atty. Gen., Nashville, Tenn., James C. Beasley, Jr., Asst. Dist. Atty. Gen., Memphis, Tenn., for appellee.

## OPINION

TATUM, Judge.

The defendant, Ronnie Lee Adkins, was convicted of receiving and concealing stolen property over the value of $200.00. He was sentenced to two concurrent 8-year terms as a Range II offender. After considering the several issues presented by the defendant, we affirm the judgment for receiving stolen property but reverse and dismiss the judgment of conviction for concealing stolen property.

The defendant introduced no evidence at his trial. The State's evidence revealed that Jerry Walters, his wife and family stopped at a motel in Memphis on the night of November 10, 1983. Mr. Walters was moving his family to Memphis and was driving a 28-foot U–Haul truck loaded with their furniture, appliances, clothing, and "everything they had." About 6:00 a.m. the following morning, Mr. Walters discovered that the U–Haul truck and its contents had been stolen.

On November 21, 1983, the defendant was interviewed by a Memphis police officer. A written statement given by the defendant was not introduced into evidence but the police officer summarized the admissions made by the defendant. The defendant told the officer that he had bought a quantity of merchandise on the late night of November 11, 1983 or early morning hours of Saturday, November 12, 1983. He bought the merchandise from an individual

named Mike Brady who was unknown to him. The defendant did not know where Mr. Brady lived and knew nothing about him. This individual, Mr. Brady, came by the defendant's residence and sold the defendant various household goods, toys, furniture and similar items for $500. The defendant obtained a receipt from Mike Brady for $500. The defendant told the officer that he took the merchandise to the Mid-South Auction House on Saturday morning, November 12, 1983, for resale by auction. He met an individual named Terry Plunk and a second individual by the name of "Montie" at the auction house. These individuals allegedly witnessed the receipt or bill of sale given to the defendant by Mike Brady.

Police could find no record of an individual named Mike Brady. The defendant furnished a telephone number for Terry Plunk but officers were unable to locate Mr. Plunk. The individual named "Montie" was never located.

Items of property that had been consigned to the Mid-South Auction House by the defendant were identified by Mr. Walters as being some of the stolen property. An antique Singer sewing machine and a quantity of paperback books belonging to Mr. Walters were recovered from the defendant. Through a specific lot number, other stolen items recovered from individuals and from secondhand stores were traced to the defendant through Mid-South Auction. Except for the sewing machine and books, all stolen property recovered had been delivered to Mid-South Auction by the defendant for resale. Business records established that at least some of the stolen property brought to the auction by defendant was sold on the night of Friday, November 11.

■ At the outset, we note that the convictions for both concealing and receiving the same stolen property cannot stand because the receiving and concealing grow out of the same felonious transaction. See T.C.A. § 39–3–1113. We reverse and dismiss the judgment of conviction for concealing stolen property and will only con-

sider the issues applicable to the conviction for receiving stolen property. Although the defendant did not rely upon the provision of T.C.A. § 39–3–1113 either at trial or in his appellate brief, we find plain error in permitting both convictions to stand contrary to statute.

■ In attacking the sufficiency of the evidence, the defendant contends that there is insufficient proof to support the finding that the stolen goods received were worth in excess of $200. The defendant's statement to the police officer that he paid Mike Brady $500 for the goods is strong evidence that the property was worth more than $200. This evidence is supported by photographs in the record showing a large quantity of property recovered.

■ Also under the issue attacking the sufficiency of the evidence, the defendant says that there is a fatal variance between the indictment and the proof. The indictment charges that the stolen property belonged to Jerry Walters. The proof shows that some of the property belonged to Mrs. Walters before she married Mr. Walters. Mr. Walters owned a Chinese gong that he bought before the marriage. The remainder of the property was bought by Mr. and Mrs. Walters during their marriage and was owned by them jointly as husband and wife. Formerly, Tennessee followed a strict variance rule, holding that if the ownership allegation in an indictment is laid in one named owner, and the proof reveals that the stolen property is titled in another, then the variance is fatal. Our recent decisions are more relaxed. The present rule as to variance is that if the indictment sufficiently identifies the transaction upon which the defendant is being prosecuted, so as to enable him to adequately prepare his defense and to protect him from being subsequently prosecuted for the same offense, then variance is not fatal to the indictment and conviction. See *State v. Cox*, 644 S.W.2d 692 (Tenn.Crim. App.1982). It is now firmly established that a variance is not fatal unless it is material and prejudicial. A variance must prejudice substantial rights of the defend-

ant to be fatal. *State v. Moss*, 662 S.W.2d 590 (Tenn.1984).

Mr. Walters had possession of all the property contained in the U–Haul truck when it was stolen. Mr. Walters testified at first that he considered all of the furniture, dishes and similar items to be joint property. Later on cross-examination, it was established that certain items were "brought into the marriage" by Mrs. Walters. The remaining property, except for the Chinese gong, was bought after marriage.

Any legal interest or special property interest in property stolen will support an allegation of ownership. Mere possession as bailee will support an allegation of ownership in an indictment. *Fiedler v. State*, 479 S.W.2d 814 (Tenn.Crim.App.1972). In the present case, Mr. Walters had possession of all the stolen property but his interest in all the property was much more than mere possession. All of the property was purchased by the Walters as husband and wife or "brought into the marriage" by one of them. Mr. Walters had use of all of the property jointly with his wife and had a "special interest" in all of the property stolen. There is no fatal variance between the indictment and the proof.

The defendant next argues that he did not have guilty knowledge that the property was stolen. The courts of this State follow the so-called objective test for determining guilty knowledge, whereby its existence may be established by the circumstances surrounding the receipt of the property when such circumstances would charge a reasonable man with notice or knowledge or would put a reasonable man on inquiry which if pursued would disclose that conclusion. *Patmon v. State*, 524 S.W.2d 677, 678 (Tenn.Crim.App.1974); *Kessler v. State*, 220 Tenn. 82, 414 S.W.2d 115 (1967). It is not required that the State prove that the seller of stolen property inform a defendant who bought it that the property had been stolen. Guilty knowledge may be established by circumstantial evidence. *Poag v. State*, 567 S.W.2d 775 (Tenn.Crim.App.1978).

The defendant came into possession of the property on the night it was stolen. This is a circumstance that may be considered. *State v. Hatchett*, 560 S.W.2d 627 (Tenn.1978). The totality of the other circumstances are such that would support the finding that the defendant knew the property was stolen. The defendant told the police officer that a complete stranger came by his residence in Shelby County in the night time to sell him the property. The stranger was driving a U–Haul truck. The defendant did not procure the residence of this individual or obtain any information concerning him before buying this large quantity of property for $500 cash under these unusual circumstances.

After considering all of the arguments advanced by the defendant attacking the sufficiency of the evidence, we have found sufficient evidence upon which a rational trier of fact could be convinced beyond a reasonable doubt of the defendant's guilt of receiving stolen property valued at more than $200 in Shelby County, Tennessee. These issues are therefore overruled. See Rule 13(e), T.R.A.P.

■ In his next issue, the defendant objects to the jury instructions given concerning the "objective test rule" relating to guilty knowledge, and the law relating to inferences allowed from unexplained possession of recently stolen property. As we understand the defendant's arguments, he recognizes that the jury instructions conform to Tennessee law but he does not agree with Tennessee law on these subjects. The numerous cases cited by the defendant support the correctness of the jury instructions. After examining the instructions, we overrule these issues.

■ In another issue, the defendant complains because he was not permitted to introduce in evidence the portion of the statement that he gave to the police officer saying that he was willing to take a polygraph test. The defendant cites *Curry v. State*, 397 S.W.2d 179 (Tenn.1965) for the proposition that when an admission or confession is introduced in evidence by the

State, the defendant should be permitted to introduce the entire statement, except that "parts of it that are not relevant might be excluded."

We do not think that evidence of the defendant's willingness to take a polygraph test is relevant. Over objection, the results of a polygraph test are not admissible in evidence. *State v. Land,* 681 S.W.2d 589 (Tenn.Crim.App.1984). The reason that the results of the test are not admissible in evidence on behalf of either the State or the defendant is because the tests are not reliable. The defendant was assuming no risk in agreeing to take the test as the results would not be admissible in evidence. It is well settled that, aside from constitutional consideration, evidence that a defendant refused to take a polygraph test is not admissible. *Marable v. State,* 313 S.W.2d 451 (Tenn.1958); *State v. Atkins,* 681 S.W.2d 571 (Tenn.Crim.App.1984), *cert. denied,* (1985), —— U.S. ——, 105 S.Ct. 1395, 84 L.Ed.2d 784. In *Hembree v. State,* 546 S.W.2d 235 (Tenn.Crim.App. 1976), this court stated that the results of a lie detector test are inadmissible in evidence and the circumstances surrounding the taking or not taking of such test is likewise inadmissible. In that case, a State witness gave a spontaneous statement that he took a lie detector test without stating the result. The court held that this evidence was inadmissible. Upon these authorities and upon logic, we hold that in the absence of unusual circumstances which we cannot now anticipate, it is not relevant evidence whether a defendant, a victim, or a witness was willing to take a polygraph test and we further hold that the trial court correctly excluded this evidence.

Finally, the defendant contends that evidence that Mr. Walters' insurance company paid him a total sum of $29,700 for all of the property stolen from him was irrelevant and incompetent. We agree. The insurance company was not subject to be cross-examined on their conclusion that the value of all the stolen property was $29,700. This evidence was hearsay insofar as it tended to establish the value of the stolen property. However, the evidence did not establish that the defendant purchased all of the stolen property and we are satisfied that the jury was not misled by this proof. The only purpose in proving the value of the property was to establish that it was worth more than $200. As previously observed, this fact was otherwise established by strong and uncontradicted evidence. We are satisfied that the admission of this evidence did not affect the results of the trial, and that the error is harmless under Rule 36(b), T.R.A.P.

The judgment convicting the defendant for receiving stolen property is affirmed. The judgment for concealing stolen property is reversed and that case is dismissed.

WALKER, P.J., and BYERS, J., concur.

### ORDER DENYING PETITION TO REHEAR

TATUM, Judge.

The defendant has filed an earnest and respectful Petition to Rehear in which he reargues the issue concerning the defendant's statement that he would take a polygraph test. We adhere to our original opinion that evidence of the defendant's willingness or unwillingness to take a polygraph test is not relevant. The results are inadmissible in evidence for or against the defendant so his consent to take a test exposes him to no risk or disadvantage in the event the results are unfavorable. As stated, the polygraph test is unreliable and it may show that a truthful person is lying or that a liar is telling the truth. For the same reasons that a defendant's refusal to take the test is not admissible, his consent to take the test is likewise inadmissible. The Petition to Rehear is denied.

WALKER, P.J., and BYERS, J., concur.