**James Sonny BROWN, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Oct. 4, 1972.

Certiorari Denied by Supreme Court
Jan. 15, 1973.

Thomas F. Smith, Kingsport, for plaintiff in error.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Nashville, Carl Kirkpatrick, Dist. Atty. Gen., Kingsport, for defendant in error.

## OPINION

RUSSELL, Judge.

James Sonny Brown was arrested, along with three other men, at approximately 1:30 A.M. after a short but high speed chase that ensued when a deputy of the Sullivan County Sheriff's Office attempted to stop the automobile in which they were riding without lights. In the automobile, in plain sight of the arresting officer, was a portable television set, several rods and reels, a portable radio, a Coca-Cola cooler, and several other items that later proved to be the fruits of a houseboat burglary that occurred within a mile of where the automobile chase began. All occupants of the automobile denied any knowledge of or ownership in the items observed and seized. The defendant was tried jointly with two of the other three occupants, convicted of burglary, and sentenced to serve 3 to 8 years in the penitentiary. He has appealed in error to this Court. We affirm the conviction.

The defendant's first assignment of error challenges the sufficiency of the convicting evidence and contends that the evidence preponderates in favor of his innocence. We cannot agree with this contention. The defendant was arrested near the scene of a burglary while in the joint possession of the fruits of that crime. His ·possession of those items remains unexplained. The defendant did not choose to testify. A presumption arises that a person found in the unexplained possession of recently stolen property is the thief. Thomas v. State, Tenn., 463 S.W.2d 687. This presumption imposes upon the accused the obligation of accounting for the possession in a straightforward, truthful way. In the absence of such an accounting, the jury was warranted in returning a verdict of guilty. Tackett v. State, 223 Tenn. 176, 443 S.W.2d 450. The defendant made no accounting.

In his second assignment of error the defendant contends that the trial court erred in refusing to grant him a severance because two co-defendants gave conflicting testimony. The testimony of neither co-defendant was particularly antagonistic to the defendant's line of defense. We overrule this assignment since the granting or refusing of a severance is a matter largely in the discretion of the trial judge, and his refusal will not be reversed unless it appears that his decision unfairly prejudiced the rights of the defendant. Woodruff v. State, 164 Tenn. 50, 51 S.W.2d 843; Kennon v. State, 181 Tenn. 415, 181 S.W.2d 364.

The defendant's third assignment of error charges that the trial court erred in refusing to grant a continuance in order that one Trivett, an alleged fourth participant, might be located and brought into court to testify. Apparently this co-defendant was a fugitive, and the authorities were unable to find him. He was subpoenaed as a witness after it was apparent that he was not going to appear as re-

quired, and the contention was made in the motion for a continuance that he would testify favorably to this defendant. The trial judge will not be put in error for denying a continuance unless it is shown that he abused his discretion. Bass v. State, 191 Tenn. 259, 231 S.W.2d 707; Frazier v. State, 3 Tenn.Cr.App. 696, 466 S.W.2d 535. We do not find an abuse of discretion in denying the continuance. Brown himself didn't testify in his own defense. It is unlikely that this co-defendant would have testified had he been available, and he could not have been made to. The future availability of this witness was conjectural. Apparently he was not available when the motion for a new trial was disposed of. In this context, the decision to proceed with the trial of the three who were present was not error. Apparently Brown hoped to establish the defense that he was too drunk to have been guilty; but the evidence presented, including his condition at the time of arrest, did not establish this theory.

■ In his fourth assignment of error the defendant questions the legality of his arrest and the seizure of the physical evidence constituting, as it turned out, the fruits of the burglary, claiming that the search which resulted in the seizure of those articles was unlawful and without probable cause. We overrule this assignment by observing that there was no search. The contraband goods were in plain view of the arresting officer, and the taking of the objects was a legal seizure and there was no search as such. Sneed v. State, 221 Tenn. 6, 423 S.W.2d 857. The facts surrounding the stopping of the automobile in which the defendant was riding are more than adequate to establish probable cause for his arrest.

In his fifth assignment of error the defendant complains of the Attorney General's argument. We have reviewed the argument and overrule the assignment. See Harrington v. State, 215 Tenn. 338, 385 S.W.2d 758.

■ The defendant next complains of not being given a preliminary hearing. We note that he made no objection to not having been given a preliminary hearing prior to going to trial. Also, an accused has no right to a preliminary hearing after the Grand Jury has returned a presentment or indictment against him. T.C.A. § 40–1131. State v. Hudson, 487 S.W.2d 672 an opinion of this Court filed July 17, 1972, at Knoxville, by Judge Wayne Oliver.

In the seventh and final assignment of error the defendant alleges that the requisite chain of custody for the introduction of the physical evidence seized at the time of the arrest for introduction into evidence has not been shown by the State. We have reviewed closely the facts surrounding this phase of the case and overrule the contention.

The judgment of the trial court is affirmed.

JOHN D. TEMPLETON, Special Judge, and OLIVER, J., concur.