**STATE of Tennessee, Appellee,**

v.

**Eunus HOWELL, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

April 18, 1984.

Permission to Appeal Denied July 2, 1984.

Donald B. Reid, Carter & Reid, Athens, for appellant.

William M. Leech, Jr., Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, James Watson, Asst. Dist. Atty., Athens, for appellee.

## OPINION

TATUM, Judge.

The defendant, Eunus Howell, was convicted of armed robbery and sentenced to serve a life term in the State penitentiary. The sentence imposed in this case was ordered to be served consecutive to a sentence imposed upon an armed robbery conviction in Monroe County. The defendant presents 5 issues for review. After considering the issues, we affirm the judgment of conviction.

■ We first address the issue attacking the sufficiency of the evidence. Charles Wilson, the pharmacist and owner of Wilson Drugs in Englewood, Tennessee, testified that at approximately 6:40 P.M. on November 21, 1982, a man, who appeared to be intoxicated, came into the pharmacy and requested to see Mr. Wilson in private because he had a rash on his leg. Mr. Wilson gave the man medication and instructed him to pay for it at the cashier's counter. At this time, the man produced a pistol and pointed it at an employee, Robin Massingale.

The robber announced that he wanted drugs, not money. Mr. Wilson opened his safe and obtained the drugs stored therein. He placed the drugs in a paper sack and delivered them to the robber. After obtaining the drugs, the robber ordered Mr. Wilson and Ms. Massingale to lie on the floor and left the drug store.

Mr. Wilson positively identified the defendant as the robber. Ms. Massingale testified that the defendant "looked like"

the robber but she could not make a positive identification.

On November 27, 1982, the defendant was apprehended in the act of robbing the Wil-Sav Drug Store in Sweetwater, Tennessee. The modus operandi used in the Sweetwater robbery was identical to that used in the Englewood robbery. When apprehended in Sweetwater, the defendant had a bottle of drugs which was identified by markings as belonging to Wilson Drugs in Englewood. The pistol used in the Sweetwater robbery looked the same as that used in the Englewood robbery.

The defendant testified that he was "on escape" from the penitentiary at the time the instant robbery was committed. He testified that he was in Talladega, Alabama from November 18, 1982, until November 24, or November 25, 1982. He stated that he had bought the bottle of drugs from Charles Wilson's son, Ricky Wilson, who was deceased at the time of the trial. The defendant testified that Don Wheeler, Sr. and Dewey Scott Frazier telephoned him in Talladega, Alabama on November 19 and November 24, 1982.

A rebuttal witness testified that the defendant robbed him at a motel in Delano, Tennessee (McMinn County) on November 20, 1982.

The evidence of the defendant's guilt is overwhelming. It is sufficient upon which a rational trier of fact could be convinced of the defendant's guilt beyond a reasonable doubt. This issue is overruled. Rule 13(e), T.R.A.P.

In two other issues, the defendant says that the trial judge erred in not conducting an evidentiary hearing to determine the reliability of a photograph lineup. He also says that the photographic lineup tainted the identification of the witness, Charles Wilson, so as to render it inadmissible in evidence.

■ First, we note that the pretrial motion to suppress is insufficient upon its face to require an evidentiary hearing. The motion alleges no facts; it only states that the lineup "was held in violation of" certain of the defendant's constitutional rights. Before an evidentiary hearing is required, the "motion to suppress must be sufficiently definite, specific, detailed and non-conjectural, to enable the court to conclude a substantial claim was presented." *State v. Davidson,* 606 S.W.2d 293, 297 (Tenn.Crim. App.1980).

Immediately after the Sweetwater robbery on November 27, Mr. Wilson and Ms. Massingale were shown an array of approximately 7 photographs, which included that of the defendant. The defendant was identified as the robber in the instant case through this photographic lineup. Evidence of the identification made from this group of photographs was not offered by the State but was brought out on cross examination of State's witnesses.

The trial judge refused an evidentiary hearing on the pretrial motion to suppress because he had already conducted a hearing on a similar motion in the prosecution for the Sweetwater robbery. The defendant was represented by counsel at the evidentiary hearing to determine whether the photographic lineup was suggestive. After hearing the evidence, the trial judge found that the photographic lineup was not suggestive.

The defendant insists that his constitutional rights were violated because he was not afforded a second hearing on the same issue and with the same evidence concerning the identical photographic identification. Nowhere in the record or in the briefs does the defendant assign any reason why the identification was suggestive.

In support of his contention, the defendant cites *State v. Mitchell,* 593 S.W.2d 280 (Tenn.1980). In the *Mitchell* case, the Supreme Court was dealing with lineups which were conducted after the defendant's arrest without his lawyer being present. That case has no application to the instant case since a photographic lineup was conducted in this case during the investigatory stage, before the defendant's arrest.

In the recent case of *Watkins v. Sowders,* 449 U.S. 341, 101 S.Ct. 654, 66

L.Ed.2d 549 (1981), the United States Supreme Court had before it the question of whether a jury-out hearing is constitutionally required when suggestive identification procedures are alleged. In its negative response to this question, the court observed:

"Where identification evidence is at issue, however, no such special considerations justify a departure from the presumption that juries will follow instructions. It is the reliability of identification evidence that primarily determines its admissibility, *Manson v. Brathwaite*, 432 U.S. 98, 113–114, 97 S.Ct. 2243, 2252; 53 L.Ed.2d 140; *United States ex rel. Kirby v. Sturges*, 510 F.2d 397, 402–404 (CA7 1975) (Stevens, J.). And the proper evaluation of evidence under the instructions of the trial judge is the very task our system must assume juries can perform. Indeed, as the cases before us demonstrate, the *only* duty of a jury in cases in which identification evidence has been admitted will often be to assess the reliability of that evidence. Thus the Court's opinion in *Manson v. Brathwaite* approvingly quoted Judge Leventhal's statement that,

' "(w)hile identification testimony is significant evidence, such testimony is still only evidence, and, unlike the presence of counsel, is not a factor that goes to the very heart—the 'integrity' —of the adversary process.

' "Counsel can both cross-examine the identification witnesses and argue in summation as to factors causing doubts as to the accuracy of the identification—including reference to both any suggestibility in the identification procedure and any countervailing testimony such as alibi." ' 432 U.S., at 114, n. 14, 97 S.Ct., at 2253, n. 14, quoting *Clemons v. United States*, 133 U.S. App.D.C. 27, 48, 408 F.2d 1230, 1251 (1968) (concurring opinion) (footnote omitted)."

The Supreme Court observed that judicial determinations outside the presence of juries are usually preferred and in some circumstances, may be constitutionally necessary. However, the court stated that the constitution does not require a *per se* rule compelling in every case a judicial determination outside the presence of the jury of the admissibility of identification evidence.

In the instant case, a jury-out hearing and judicial determination concerning this photographic lineup had previously been conducted by the judge. There is no suggestion that the evidence would be different in a second hearing; the only difference is that the defendant has another lawyer. No factual allegations were made to inform the trial court or this court why the defendant thinks that the lineup was suggestive. There was no evidence that the photographic lineup was suggestive or that the in-court identification by Mr. Wilson was tainted by suggestiveness.

We hold that a jury-out hearing and judicial determination of the admissibility of identification evidence is always safe, usually advisable, and at times may be constitutionally required. But, we hasten to add that there was no error, constitutional or otherwise, in refusing another hearing concerning the identification evidence in the instant case. These two issues are overruled.

The defendant next insists that the trial court erred in not ordering two defense witnesses transported to court from the State penitentiary and in refusing to continue the case until these witnesses arrived. The motion was made on the morning of trial. No affidavit was filed and the court was not advised as to the specific nature of the witnesses' expected testimony except that they were expected to give alibi evidence.

A party seeking a continuance for the purpose of obtaining evidence must demonstrate to the court the necessity for the continuance. In order to satisfy this burden, the moving party must:

(1) File an affidavit with the court, showing good cause and specifying the testimony sought. T.C.A. § 19–1–110(a).

(2) Show that the testimony of the witness sought would be material to the issues in the case. *Moorehead v. State*, 219 Tenn. 271, 409 S.W.2d 357 (1966).
(3) Show that the evidence is not merely cumulative. *Reagan v. State*, 525 S.W.2d 683 (Tenn.Crim.App.1974).
(4) Show that the witness would be available at a later date. *Brown v. State*, 489 S.W.2d 855 (Tenn.Crim.App.1972).
(5) Demonstrate that reasonable diligence was exercised to obtain the witness's presence. *Houston v. State*, 567 S.W.2d 485 (Tenn.Crim.App.1978).

The only indication in the record as to why these witnesses were desired, comes from the testimony of the defendant. He said that Don Wheeler, Sr. and Dewey Scott Frazier telephoned him in Talladega, Alabama on November 19, 1982 and again on November 24, 1982. This crime was committed shortly before 7:00 P.M. on November 21, 1982. Even if these witnesses would testify that they made the telephone calls on the dates mentioned by the defendant, this evidence would not establish an alibi for the defendant on November 21, 1982. Requirements number 1, 2, and 4 were not met. The trial judge did not abuse his discretion in refusing to order these prisoners transported from the State penitentiary and in granting a continuance to await their arrival.

The judgment of the trial court is affirmed.

O'BRIEN and BYERS, JJ., concur.