**STATE of Tennessee, Appellee,**

v.

**David RATLIFF, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 14, 1984.

Permission to Appeal Denied by Supreme Court July 23, 1984.

Beverly C. Sullivan, Joyce Ward, Morristown, for appellant.

William M. Leech, Jr., Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Nashville, Edward Sempkowski, Asst. Dist. Atty. Gen., Morristown, for appellee.

## OPINION

DWYER, Judge.

This appeal as of right arises from appellant's conviction for concealing stolen property under the value of two hundred dollars, T.C.A. § 39-3-1113. Appellant was sentenced to confinement for five years as a Range II aggravated and persistent offender.

The first issue questions the sufficiency of the evidence to support the verdict. The evidence reflects that during March of

1983, the home of Mr. Bill Helms on Sprout Springs Road in Hamblen County was burglarized. On March 21, 1983, the appellant's wife contacted the Hamblen County Sheriff's Department. She consented to a search of her apartment at 1140 Kennedy Circle. When four officers arrived to conduct the search, she handed them two tablecloths and an ashtray. At the trial, Mr. Helms positively identified one of the tablecloths as having been stolen from his home because his wife had made it. He testified that the other two items were similar to items stolen from his home. The appellant's wife testified that during March of 1983, the appellant resided with her and her three children at 1140 Kennedy Circle.

The appellant did not testify but offered proof that on or about the time of the burglary he had suffered a pelvic fracture that prevented him from walking without crutches.

■■■■ Appellant's unexplained possession of property stolen earlier that month raises the inference that he possessed it with the requisite guilty knowledge. *State v. Hatchett*, 560 S.W.2d 627 (Tenn.1978). His possession need not be exclusive for this inference to arise. *Brown v. State*, 489 S.W.2d 855 (Tenn.Cr.App.1972). The jury obviously concluded that appellant knew the property was stolen despite the proof that he was suffering from a broken pelvis at the time of the offense. The evidence is sufficient to meet the requirements of T.R.A.P. 13(e). The court did not err in denying appellant's motion for acquittal. This issue is overruled.

The second issue is whether the trial court erred by ruling pre-trial that appellant's convictions for escape and assault with intent to commit second-degree murder could be used for impeachment purposes. In *State v. Morgan*, 541 S.W.2d 385 (Tenn.1976), our Supreme Court held that a witness may be impeached by evidence that he has been convicted of a crime if the crime (1) was a felony and the trial court determines that the probative value outweighs its prejudicial effect to the defend-

ant, or (2) the crime involved dishonesty or false statement.

■■■■ In the case *sub judice*, the trial court ruled before trial that the probative value of admitting proof of appellant's felony convictions for assault with intent to commit second-degree murder and escape outweighed the prejudicial effect to the appellant. The court noted that while neither crime fell within the category of crimes involving dishonesty or false statement, the crime of escape did involve an intent to purposely violate the law and was thus probative of appellant's credibility. The court also noted that neither offense was similar to the offense of concealing stolen property for which appellant was on trial. This is a significant consideration, since evidence of a prior conviction for the same type of crime for which a defendant is on trial may lead a jury to impermissibly infer that if he committed such an offense once, he probably committed it again. Where the prior offense is substantially different from the crime charged, the prejudicial effect is minimal. *Long v. State*, 607 S.W.2d 482, 486 (Tenn.Cr.App.1980). The trial court did not err in ruling that the prior felony convictions were admissible. This issue is overruled.

■■■■ In the last issue, appellant challenges the trial court's instruction to the jury on the inference of guilty knowledge to be drawn from appellant's unexplained possession of stolen property. The charge was taken from Tennessee Pattern Jury Instructions: Criminal § 37.18. Appellant contends that the instruction was a comment on his failure to testify and therefore violated his Fifth Amendment Protection against self-incrimination. Such an attack was rejected by the United States Supreme Court in *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). The instruction given in the present case was followed by this instruction:

"In considering whether possession of recently stolen property has been satisfactorily explained, you are reminded that in the exercise of constitutional

rights the accused need not take the stand and testify."

This issue overruled, the judgment of the trial court is affirmed.

WALKER, P.J., concurs.

DAUGHTREY, J., filed a dissenting opinion.

DAUGHTREY, Judge, dissenting.

Defendant David Ratliff claims that the record fails to establish that he knew the property in this case was stolen, one of the necessary elements of concealing stolen property. Because Tennessee law permits the jury to draw an inference of guilty knowledge from the unexplained possession of recently stolen property, a conviction for concealing stolen property is rarely subject to reversal on the basis of insufficient evidence, especially where (as here) the defendant fails to testify. In my judgment, however, this case represents one of those rare instances when the record proves to be legally insufficient.

The majority's decision to uphold Ratliff's conviction rests on two authorities: *State v. Hatchett*, 560 S.W.2d 627 (Tenn. 1978), and *Brown v. State*, 489 S.W.2d 855 (Tenn.Crim.App.1972). In *Hatchett*, the Tennessee Supreme Court noted that "[p]ossession of recently stolen property, if not satisfactorily explained, is a circumstance from which the trier of fact may draw an inference and find that the person in possession knew the property had been stolen." 560 S.W.2d at 629. But the court went on to say that such "unsatisfactorily explained possession of very recently stolen property" must be viewed "in the light of surrounding circumstances." *Id.* It is the "surrounding circumstances" that are troubling in this case.

For example, the jury was told that the stolen items, two tablecloths and an ashtray decorated with a bank logo, were ordinary looking household items, completely "undistinguished." They were turned over to police by the defendant's wife, who took the tablecloths out of a closet. (There was no testimony about the location of the ash-

tray.) Although his wife said that the defendant was living on the premises, he was not present at the time the stolen items were produced. Moreover, there is no proof at all, direct or circumstantial, that he knew the stolen items were in his home.

Thus, this case is unlike *Brown*, cited by the majority to establish that possession need not be exclusive in order to give rise to the inference of guilty knowledge. When Brown was arrested, he was a passenger in an automobile which contained the fruits of a burglary committed less than a mile away and just shortly before officers gave chase to the vehicle. 489 S.W.2d at 856. Numerous stolen items were located "in plain sight" in the automobile, and the items were not the kind usually found in a vehicle. *Id.* By contrast, the stolen property in this case consisted of ordinary household items, not recovered in "plain sight" of the defendant. Nor was there any competent evidence concerning how the items came to be in the Ratliff home. Ratliff's wife testified at trial and, because of the marital privilege, could not be asked if her husband had brought the goods into the house. But surprisingly, she also was not asked if she or the children had brought the stolen property into the house. All the record shows is that it was there.

Thus, this case is distinguishable from *Brown*, and instead appears to be controlled by *Bennett v. State*, 1 Tenn.Cr.App. 241, 435 S.W.2d 842 (1968). There the police found stolen property on the defendant's premises while executing a search warrant. This court reversed Bennett's conviction, citing lack of evidence of guilty knowledge and noting that "[t]here is not a word of proof in this entire record that the defendant knew that these items were stolen property." 435 S.W.2d at 844. The same can be said about the proof in this case.

Reading the record as a whole, one is tempted to suspect that Ratliff was guilty. According to police, his wife became angry after he beat her and in retaliation called law enforcement officials, telling them that

her husband had earlier brought several items into the house but that only the tablecloths and ashtrays then remained. However, this information was not offered in the form of competent testimony and did not reach the jury. What did come before the jury, I believe, was not legally sufficient to permit a rational trier of fact to find guilt beyond a reasonable doubt, because there was no direct proof of guilty knowledge and the surrounding circumstances were so tenuous as to prevent a fair inference of guilty knowledge from arising. I therefore conclude that the state failed to prove its case, that the evidence was legally insufficient, and that the trial court should have directed a verdict of acquittal.