IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 24, 2011

## EUNUS ALTON HOWELL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 14893     Stella Hargrove, Judge**

---

**No.  M2010-02030-CCA-R3-HC - Filed July 12, 2011**

---

Petitioner, Eunus Alton Howell, appeals from the dismissal of his petition for writ of habeas corpus.  Petitioner was convicted in 1983 of armed robbery and sentenced to life imprisonment as a persistent offender.  Petitioner's sentence and conviction were affirmed on appeal.  *State v. Howell*, 672 S.W.2d 442, 443 (Tenn. Crim. App. 1984).  In 2010, Petitioner sought habeas corpus relief on the alleged basis that he was indicted on a charge that did not exist.  The habeas corpus court dismissed the petition without a hearing. Petitioner appeals.  After a review, we determine that the habeas corpus court properly dismissed the petition for relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., JOINED.

Eunus Alton Howell, Pro Se, Clifton, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter, Brent C. Cherry, Assistant Attorney General; Mike Bottoms, District Attorney General, and Deshea Dulany, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

In November of 1982, Petitioner robbed an employee at Wilson Drugs in Englewood, Tennessee, at gunpoint.  Several days later, Petitioner was caught while robbing the Wil-Sav Drug Store in Sweetwater, Tennessee.  Petitioner was identified by the victims as the perpetrator.  When Petitioner was apprehended, he was "on escape" from the penitentiary.

*Id.* at 443-44. Petitioner was convicted of armed robbery and sentenced to serve a life sentence. The sentence was ordered to be served consecutively to a sentence imposed for another armed robbery conviction in Monroe County. *Id.* at 443.

Petitioner's conviction and sentence were affirmed on appeal by this Court. *Id.* The supreme court denied permission to appeal.

In June of 2010, Petitioner sought habeas corpus relief. Specifically, Petitioner argued that his conviction was void because he was convicted of a "statute that was invalid and no longer had any force or effect within the Tennessee Code." Specifically, Petitioner alleged that the statute "did not exist under the Criminal Sentence Reform Act of 1982," therefore, his conviction was void. The habeas corpus court dismissed the petition without a hearing, holding that Petitioner's conviction was not void and his sentence had not expired. Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner insists that the habeas corpus court improperly dismissed his petition for habeas corpus relief. Specifically, Petitioner alleges that his indictment was void because the code section "did not exist" at the time he was prosecuted because the indictment referenced a code section that was renumbered with the Sentencing Reform Act of 1982. The State disagrees, arguing that Petitioner has "failed to meet the qualifications for relief under the habeas corpus statute."

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence

imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *See also Hickman*, 153 S.W.3d at 21.

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, *see Haggard v. State*, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). An indictment meets constitutional requirements if it provides sufficient information: (1) to enable the accused to know the accusation to which an answer is required, (2) to furnish the court an adequate basis for the entry of a proper judgment; and (3) to protect the accused from double jeopardy. *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must state the facts of the offense in ordinary and concise language "in a manner so as to enable a person of common understanding to know what is intended." T.C.A. § 40-13-202.

The indictment at issue herein stated, in pertinent part:

> [O]n or about the 21st day of November, 1982, . . . [Petitioner] did unlawfully, forcibly, and feloniously take from the person of Charles E. Wilson, doing business as Wilson Drug Store, certain goods or money, to-wit: Large quantity of Schedule II drugs by violence or putting said person in fear while utilizing a deadly weapon in violation of Section 39-3901 TCA, . . . .

We agree with Petitioner's assertion that the code section number was changed with the amendment of the statute. However, the definition of armed robbery was unchanged from

-3-

1974 to the date of Petitioner's offense. It appeared in the 1982 version of the Tennessee Code Annotated at section 39-2-501 as "the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear . . . accomplished by the use of a deadly weapon. . . .." The indictment herein "tracks the language of the statutory offense charged" and need not even contain the particular code section. *Danny R. King v. State*, No. 01C01-9710-CR-00487, 1998 WL 712345, at *2 (Tenn. Crim. App., at Nashville, Oct. 13, 1998), *perm. app. denied*, (Tenn. Mar. 1, 1999). Nothing on the face of the judgment herein indicates that the trial court was without jurisdiction to consider Petitioner's case. The indictment put Petitioner on notice as to the offense, provided the trial court with the basis for the entry of a judgment, and protected Petitioner from double jeopardy. Further, Petitioner's sentence has not expired. The trial court herein properly dismissed the petition for habeas corpus relief. Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

-4-